CASSARO, APPELLEE, *v.* CASSARO, APPELLANT.█

[Cite as Cassaro v. Cassaro (1976), 50 Ohio App. 2d 368.]

(No. 35741—Decided November 10, 1976.)

*Mr. Paul A. Lichtman,* for appellee.
*Mr. Frank Mancino,* for appellant.

JACKSON, C. J. This action was commenced on July 19, 1973, with the filing of a complaint for divorce by the appellee, Gaetano G. Cassaro. The complaint alleged that the appellant, Rosa Cassaro, had been guilty of gross neglect of duty and extreme cruelty during the continuance of their marriage.

An amended complaint was filed by the appellee on June 23, 1975, alleging as an additional ground for divorce that the parties had for the last two years lived separate and apart without cohabitation. Two years of uninterrupted separation without cohabitation became a ground for divorce on May 7, 1974, pursuant to R. C. 3105.01(K) which became effective on that date.

On October 10, 1975, after a hearing on the merits at which both parties were represented by counsel, the court granted the plaintiff appellee a divorce, pursuant to provisions of R. C. 3105.01(K), finding that:

"* * * the parties have, without interruption for two years, lived separate and apart without cohabitation as charged in the petition and that by reason thereof plaintiff is entitled to a divorce as prayed for."

The evidence and testimony presented at the hearing disclosed that the parties had lived separately since June 3, 1973, when appellant left the appellee, stating to him that she was going back to Italy. Upon her return to the United States on June 15, 1974, she was unable to gain entrance to their apartment, as the appellee had changed the locks on the doors during appellant's absence.

Appellant testified that she had been refused admittance to the apartment; that she was still refused admittance to the apartment and that during the entire period from June 3, 1973, until trial she had "no relationship whatsoever with the plaintiff."

The trial was commenced on June 23, 1975, and the court's judgment entry was filed on October 10, 1975. The period of separation of the parties from the time the appellant left the appellee on June 3, 1973, until the effective date of R. C. 3105.01(K) on May 7, 1974, was part of the two-year period of separation claimed as a ground for divorce.

The decision of the trial court also granted appellant $30.30 per week periodic alimony, and ordered that each party pay his or her attorney fees.

It is from this order that appellant filed her notice of appeal. She assigns five errors:

1. The court erred in granting a divorce under Section 3105.01(K) of the Ohio Revised Code where the alleged living apart without cohabitation for a period of two years preceded the effective date of the statute.

2. The retrospective application of the grounds set forth in Section 3105.01(K) of the Ohio Revised Code is unconstitutional and in violation of Section 28 of Article II of the Ohio Constitution.

3. The judgment of the court is contrary to law and contrary to the evidence in that there is no evidence supporting the granting of the divorce under Section 3105.-01(K) of the Ohio Revised Code.

4. The court committed prejudicial error in not awarding attorney fees as expenses to the defendant.

5. Other errors apparent upon the face of the record and occurring during the course of the proceedings.

Appellant's first and second assignments of error can be considered together as they both allege that the trial court erred in applying R. C. 3105.01(K) retroactively, which allowed the appellee to obtain a divorce for a period of separation, part of which occurred prior to the effective date of the statute.

After a review of the applicable law in this and other jurisdictions, we do not agree with the appellant, and construe R. C. 3105.01(K) to have both retroactive as well as prospective application. We further find that such application is valid and not in violation of any section of either the Ohio or United States Constitutions.

The 1974 amendment added division (K) to R. C. 3105.01. It provides that the Court of Common Pleas may grant divorces for the following reason:

"On the application of either party, when husband and wife have, without interruption for two years, lived separate and apart without cohabitation. A plea of *res judicata* or of recrimination with respect to any provision of this section does not bar either party from obtaining a divorce on this ground."[1]

The only condition imposed upon the plaintiff in order to obtain a divorce under this section is to demonstrate that the parties have, without interruption for two years, lived separate and apart without cohabitation. The Ohio

---

[1]S. B. 348. This section was subsequently amended on September 23, 1974, and presently reads:

"On the application of either party, when husband and wife have, without interruption for two years, lived separate and apart without cohabitation, *and four years in the case in which one of the parties is continually confined to a mental institution.* A plea of res judicata or of recrimination with respect to any provision of this section does not bar either party from obtaining a divorce on this ground." (New material in italics.)

legislature in enacting this section provided no defenses to this new ground for divorce and specifically made certain other defenses inapplicable.

We conclude the intent of the Ohio General Assembly to be the same as that of the New York state legislature in the enactment of its "no fault" divorce provision. The policy behind the New York statute was stated by Chief Justice Fuld of the New York State Court of Appeals in *Gleason* v. *Gleason* (1970), 26 N. Y. 2d 28, 35; 308 N. Y. S. 2d 347, 351:

"'* * * The real purpose of this nonfault provision was * * * to sanction divorce on grounds unrelated to misconduct * * *. Implicit in the statutory scheme is the legislative recognition that it is socially and morally undesirable to compel couples to a dead marriage to retain an illusory and deceptive status and that the best interests not only of the parties but of society itself will be furthered by enabling them 'to extricate themselves from a perpetual state of marital limbo.' "[2]

In holding that the application of R. C. 3105.01(K) applies to separations occurring prior to the effective date of the statute, we are aware that there exists antiquated contrary authority in Ohio concerning the application of fault divorce provisions.[3] Fault divorce provisions are readily distinguishable from modern nofault provisions as the latter recognized the societal interest in terminating dead marriages regardless of blame. This principle is

---

[2]The New York and Ohio statutes are not identical. *See* Domestic Relations Law, Consol, c. 14, §170, which states in relevant part:

"An action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage on any of the following grounds: * * *

"(5) The husband and wife have lived apart pursuant to a decree or judgment of separation for a period of two years after the granting of such decree or judgment, and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such decree or judgment."

[3]*Scott* v. *Scott* (1834), 6 Ohio 534, holding that the act of the legislature making habitual drunkenness for three years cause of divorce, does not apply to cases that occurred before its passage.

recognized by the overwhelming weight of modern authority.[4]

We are also aware of the principle which presumes the prospective operations of statutes.[5] We have determined, however, that it would be incongruous for us to conclude that the Ohio General Assembly in enacting R. C. 3105.01(K) intended to allow continuous separation for two years as a ground for divorce to spouses who were living together on the effective date, but to require a much longer period of separation to a couple who have already demonstrated the hopelessness of their marriage by having been continuously separated prior to the amendment's effective date.[6]

We are persuaded that the Common Pleas Court was

---

[4]*See, e. g., Tripping* v. *Tripping* (D. C. Cir. 1936), 65 App. D. C. 222, 82 F. 2d 828 (retroactive application of "nofault" divorce provision does not impair right to contract); *Parks* v. *Parks* (D. C. Cir. 1940), 73 App. D. C. 93, 116 F. 2d 556 (the fact that separation is the fault of the husband is not a defense to a suit for divorce under nofault provision); *Leon* v. *Torrvella* (C. A. 1, P. R., 1938), 99 F. 2d 851 (retroactive application of "nofault" divorce provision held not invalid as an *ex post facto* law); *Fuqua* v. *Fuqua* (Ala. S. Ct. 1958), 268 Ala. 127 (does not impair right to contract); *Schuster* v. *Schuster* (Ariz. S. Ct. 1933), 42 Ariz. 190; *White* v. *White* (Ark. S. Ct. 1938), 196 Ark. 29; *Stallings* v. *Stallings* (La. S. Ct. 1933), 177 La. 488 (retroactive application of "nofault" divorce provision "held not invalid as an *ex post facto* law or as impairing the right to contract); *Campbell* v. *Campbell* (Ct. App. 1938), 174 Md. 229; *Gerdts* v. *Gerdts* (Minn. S. Ct. 1936), 196 Minn. 599; *State, ex rel. Progress,* v. *1st Judicial Dist. Ct.* (Nev. S. Ct. 1931), 53 Nev. 386; *Indiero* v. *Indiero* (1971), 116 N. J. Super. 193; *Gleason* v. *Gleason* (Ct. App. 1970), 26 N. Y. 2d 28, 308 N. Y. S. 2d 347; *Cooke* v. *Cooke* (N. C. S. Ct. 1913), 164 N. C. 272 (mutual consent for separation not required to obtain a divorce under nofault provision); *Singley* v. *Singley* (S. C. S. Ct. 1971), 256 S. C. 117; *McGinley* v. *McGinley* (Texas Ct. of Civ. App. 1956), 295 S. W. 2d 913 (retroactive application of nofault divorce provisions does not conflict with Texas constitutional provision barring retroactive laws); *Hagen* v. *Hagen* (Va. S. Ct. 1871), 205 Va. 791; *Cole* v. *Cole* (Wis. S. Ct. 1871), 27 Wis. 531; *see also,* Anno. 23 A. L. R. 3d 626, §3.

[5]R. C. 1.48. "A statute is presumed to be prospective in its operation unless expressly made retrospective."

[6]*See, Singley* v. *Singley, supra,* at 121.

correct in interpreting R. C. 3105.01(K) to apply retroactively, allowing for a party to obtain a divorce for a period of separation occurring prior to the effective date of the statute.

The appellant's first and second assignments of error are overruled.

In her third assignment of error the appellant argues that the finding of the trial court that the parties had been separated for two years without cohabitation was against the manifest weight of the evidence. The assignment of error is without merit and is overruled.

The appellant's narrative statement of proceedings reveals undisputed testimony that the parties had not lived together since the appellant left the appellee for Italy on June 3, 1973. At the time of the separation the appellee was 89 years old. The record clearly indicates that the appellant was out of the United States for over a year, and upon her return she was unable to gain admission to the appellee's apartment. Appellant further testified that since June 3, 1973, she had "no relationship whatsoever with the plaintiff."

In weighing the evidence this court will not determine facts *de novo* nor substitute our view of the testimony for that of the trier of fact who heard the witnesses and observed their demeanor, *State, ex rel. Squire,* v. *Cleveland* (1948), 150 Ohio St. 303.

In the case at bar the trial court could only conclude from the above facts that the parties had, without interruption for two years, lived separate and apart without cohabitation and, consequently, granted appellee a divorce pursuant to R. C. 3105.01(K).

Appellant's fourth assignment of error alleges that the trial court abused its discretion in ordering each party to pay his or her own attorney fees.

Under R. C. 3105.18 and Civil Rule 75(N) the trial court is specifically authorized to award alimony to either party in a divorce proceeding. Such alimony may include an allowance for reasonable attorney fees. The decision to award attorney fees and the amount thereof is within the

sound discretion of the trial court, *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85.

In the instant case the evidence demonstrated that the appellee draws $256 per month from workman's compensation and $205 per month from social security.

In *Swanson, supra,* at page 95, this court stated the facts to be considered in granting an alimony award:

"But the initial overriding consideration is the financial ability of the individual in question to meet the demands of any award. [Cite omitted.] Not only must the award be within the individual's ability to pay, but it must also leave that individual the means to maintain his own health and well being by obtaining proper food, shelter and clothing, and it must not burden him to the extent his incentive to pay is destroyed." (Cite omitted.)

Given the income and expense of the appellee and the standards developed in *Swanson* this court cannot hold that the trial court abused its discretion in ordering each party to pay his or her own attorney fees. Consequently, we overrule this assignment of error.

We also find the fifth assignment of error by appellant to be without merit. Appellate Rule 12(A) states in relevant part:

"* * * Errors not specifically pointed out in the record and separately argued by brief may be disregarded * * *."

Appellant has neither pointed out any additional errors nor separately argued them before this court.

Consequently, the decision of the Court of Common Pleas is affirmed. The order of alimony *pendente lite* granted the appellant by this court[7] during the pendency of this appeal is vacated, effective as of the date of this entry, which leaves the alimony order due and payable in the amount ordered by the trial court. The resolution of appellant's motion to show cause is remanded to the trial court for further proceedings according to law.

*Judgment affirmed.*

DAY and STILLMAN, JJ., concur.

---

[7] This court awarded temporary alimony of $30 per week.