CITY OF CONNEAUT, Appellee,

v.

WILEY, CITY TREAS., Appellant.

[Cite as *Conneaut v. Wiley* (1992), 82 Ohio App.3d 155.]

Court of Appeals of Ohio,
Ashtabula County.

No. 92-A-1687.

Decided Sept. 1, 1992.

*Kyle B. Smith,* Law Director, for appellee.

*Timothy J. Bojanowski,* for appellant.

CHRISTLEY, Presiding Judge.

This is an accelerated calendar case.

In November 1990, the Conneaut electors adopted a municipal charter ("charter") which incorporated the statutory duties of the city treasurer, see R.C. 733.42 through 733.47, into the duties of the finance director, Article VI of the charter.

On March 14, 1991, appellee, city of Conneaut, filed a declaratory judgment action to determine if appellant's term as treasurer was upon the expiration of her original statutory four-year term, or whether it terminated earlier under the terms of the new charter. Appellee then filed a motion for summary

judgment. Appellant filed a motion in opposition and a cross-motion for summary judgment.

On December 13, 1991, the trial court granted appellee's motion and issued a declaratory judgment determining that (1) the enactment of the charter on November 6, 1990, superseded the provisions of R.C. 733.42 through 733.47, concerning the term of office and the powers and duties of the Conneaut Treasurer; and (2) pursuant to the provisions of the charter, the existing position of treasurer and her term of office terminated at midnight, December 31, 1991, with the assumption of those duties and powers by the finance director, effective January 1, 1992.

Appellant timely appealed. Her sole assignment of error is that the trial court erred in granting appellee's motion for summary judgment.

There were no issues of genuine material fact in dispute. The only issue was whether the office of the treasurer was replaced by the director of finance's office.

Applying general principles of statutory construction, the trial court construed the relevant provisions of the charter and concluded that the charter abolished the office of the treasurer.

The trial court compared the statutory powers and duties of the treasurer under R.C. 733.42 through 733.47 and the powers and duties of the director of finance under Section 5, Article VI of the charter and found that the statutory duties of the treasurer were totally encompassed under the powers and duties of the new department of finance. It, therefore, found the office of the treasurer to be inconsistent with that of the department of finance.

Appellant did not argue that her office was not inconsistent with that of the department of finance, but, instead, presented various arguments that she could not be replaced until the expiration of her term as treasurer.

She argued that various portions of the new charter protected her status as an existing officeholder. However, the sections she cited either referred to elected officers *under the charter*, or to offices *not* inconsistent with the charter. She ignored the sections which repealed and superseded all laws inconsistent with the charter. Finally, she claimed a vested right to office. As stated in *State ex rel. Pecyk v. Greene* (1953), 102 Ohio App. 297, 304, 2 O.O.2d 322, 326, 114 N.E.2d 922, 927:

" * * * [N]o person holding office under our system of government has any vested right to the same. Any office created by the will of the people can be abolished at any time by the will of the people. * * * The people have the power to give and the people have the power to take away. * * * "

Finally, appellant maintained that the provisions of the charter were not self-executing, and, since there was no legislative enactment to abolish her position, her removal was wrongful. There is no merit to her argument.

■ Through the mechanism of declaratory judgment, the trial court had the power to interpret the charter provisions and determine if a vacancy had been created by operation of law. See *State ex rel. Battin v. Bush* (1988), 40 Ohio St.3d 236, 533 N.E.2d 301.

Thus, it had the authority to determine whether the then-existing office of city treasurer was inconsistent with and incorporated into the new office of director of finance.

In this instance, that is what the court did. It determined that the *office* no longer existed by operation of law. It did not determine that the officeholder had no right to hold a given office.

■ In order to actually "oust" an officeholder from an existing office, a proceeding in quo warranto must be initiated. Only the Ohio Supreme Court and the Ohio courts of appeals have jurisdiction over quo warranto proceedings. The courts of common pleas have no such jurisdiction. See Ohio Constitution, Sections 2 and 3, Article IV; and R.C. Chapter 2733. Further, such subject matter jurisdiction cannot be waived.

In the case before us, however, it was the existence of the office itself which was at issue, not the right of the officeholder to hold that office. Once the office itself was abolished, there was no office from which to evict appellant.

Therefore, we find that there was jurisdiction for the trial court to interpret the charter provisions and their effect on the office of the treasurer.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HARSHA, J., concurs.

NADER, J., concurs separately.

WILLIAM H. HARSHA III, J., of the Fourth Appellate District, sitting by assignment.

NADER, Judge, concurring.

I concur in the judgment of the majority and I commend the trial court for its analysis of the duties of the finance director, *vis-a-vis* those of the city treasurer. The position of finance director wholly incorporates the duties of the city treasurer; the positions are, therefore, "inconsistent" as a matter of

law. Pursuant to Section 1–A, Article XIV of the charter, the position of city treasurer ceased to exist on January 1, 1992, the effective date of the charter government. Summary judgment was properly granted.

No action in quo warranto is needed to oust appellant from office. Pursuant to R.C. 2733.01(A), quo warranto is an action to be brought:

"Against a person who usurps, intrudes into, or unlawfully holds or exercises a public office, civil or military, or a franchise, within this state, or an office in a corporation created by the authority of this state."

As a matter of law, the Conneaut Charter has eliminated the office of the treasurer; therefore, appellant's discussion of quo warranto is inapposite.

In light of the foregoing, I concur in the judgment of the majority.