JOURNAL ENTRY and OPINION
This is an appeal from the Cuyahoga County Domestic Relations Court award of attorney fees to plaintiff/cross-appellant Dianne Millstein in the amount of $170,990.41. The trial court ordered the fees to be paid to Mrs. Millstein's attorneys by defendant/ cross-appellee Norman Millstein. It ought be noted that, notwithstanding the precedent in this district, this panel is troubled by its review of interim fees on a piecemeal basis. R.C. 3105.18 clearly permits the trial court to award attorney's fees. Its status as a final appealable order is not squarely before this court on this a cross-appeal only.
Mrs. Millstein alleges in the within appeal that the trial court abused its discretion by not awarding her all of the attorney fees which she had requested in her motion for attorney fees and supplemental motion for attorney fees, an amount totaling approximately $289,672.53.[1] In its order, the trial court determined that the total amount of fees incurred was reasonable and further determined that Plaintiff does not have the ability to pay all these fees while Defendant does have the ability to pay a significant portion of the fees and expenses.
Because we conclude that the trial court was well within its discretion in determining its award of attorney fees, given the evidence as to the amount of legal work performed on behalf of Mrs. Millstein and the relative financial status of each of the parties, we affirm the order of the trial court.
The cross-appellant's lone assignment of error states:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO AWARD CROSS-APPELLANT ALL ATTORNEY FEES AND COSTS INCURRED TO THE DATE OF HEARING.
R.C. 3105.18 provides in relevant part as follows:
 (H) In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees.
It has long been the rule that an award of attorney fees is based on, among other things, necessity, and that necessity is determined by a consideration of the parties' financial situation, including income, assets and expenses. Barone v. Barone (Sept. 1, 2000), Lucas App. No. L-98-1328, unreported. Cassaro v. Cassaro (1976), 50 Ohio App.2d 368,363 N.E.2d 753. In Goode v. Goode (1991), 70 Ohio App.3d 125, 134,590 N.E.2d 439, the court noted that a trial court, in reviewing the record to determine the necessity and reasonableness of attorney fees, may use its own knowledge and experience.
An award of attorney fees can be reversed only if the trial court abused its discretion. Birath v. Birath (1988), 53 Ohio App.3d 31,558 N.E.2d 63; Swanson v. Swanson (1976), 48 Ohio App.2d 85,355 N.E.2d 894. In determining whether to award reasonable attorney fees to either party, the trial court must decide "whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." R.C. 3105.18(H). Fees may be awarded only if the payor spouse has the greater ability to pay. Lee v. Lee (1983),10 Ohio App.3d 113, 460 N.E.2d 710; Leff v. Leff (Mar. 2, 2000), Cuyahoga App. Nos. 75551, 75581, unreported.
The evidence at the hearing on attorney fees conducted in this case tended to indicate that although Mr. Millstein had a greater ability to pay attorney fees than Mrs. Millstein, Mrs. Millstein was financially secure in her own right and was not unable to contribute towards her own legal expenses. Additionally, Mrs. Millstein's attorney testified that her ability to litigate her rights and to adequately protect her interests was never compromised during the proceedings by any perceived financial hardship.
Prior to the hearing, Mrs. Millstein had already paid a total of $75,000 towards her own attorney fees. In her testimony at trial, Mrs. Millstein stated that although she had assets totaling over $300,000, received very substantial alimony and child support payments, held sole unencumbered title to the marital residence and had almost no expenses other than household utility bills, nonetheless she would feel very insecure if asked to pay anymore towards her own legal expenses.
Mrs. Millstein managed to run up a very substantial amount of legal fees and related expenses in a period covering approximately seventeen months. For the months of June and July of 1999 alone, Mrs. Millstein accumulated $128,955 in legal bills from a firm consisting of only four attorneys. Mrs. Millstein's lead counsel testified at the fee hearing that of that two month total, $26,930 represented fees generated preparing a forty-eight page written closing argument, which for reasons beyond counsel's control was never even submitted to the court.
Given the size of the marital estate in the within case (approximately $50,000,000) it is understandable that the parties each sought sophisticated legal representation. Yet, the testimony of Mrs. Millstein's attorney at the hearing clearly demonstrated that the firm spared absolutely no expense in its representation of Mrs. Millstein including the retention of numerous outside experts, engaging in unrelenting discovery disputes, holding numerous firm meetings where two, three or even four attorneys would simultaneously bill Mrs. Millstein to discuss her case amongst themselves, and investing long hours completing tasks which are routinely performed within a much shorter time period. We do not question the trial court's determination that the fees were reasonably incurred, but merely point out the fact that Mrs. Millstein's representation was, at her own behest, uncommonly thorough. Given this scenario, and the fact that Mrs. Millstein is far from destitute, it was reasonable for the trial court to require that she fund a percentage of her own legal representation.
Because we find no abuse of discretion, this assignment of error is overruled.
Judgment affirmed.
It is ordered that plaintiff-appellee/cross-appellant recover of defendant-appellant/cross-appellee her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Cross-appellee Norman Millstein initially filed the within appeal challenging the reasonableness of the trial court's award of attorney fees to his ex-wife. Mr. Millstein voluntarily dismissed his appeal on March 8, 2000, leaving only Mrs. Millstein's cross-appeal for this court's resolution.
 ________________________ MICHAEL J. CORRIGAN JUDGE
TERRENCE O'DONNELL, P.J., and PATRICIA A. BLACKMON, J., CONCUR.