JOURNAL ENTRY and OPINION
Appellant herein, Marshae King, appeals from the order of the Cuyahoga County Court of Common Pleas-Domestic Relations Division denying her motion for additional spousal support in the form of attorney fees subsequent to an evidentiary hearing. Because we find that the trial court's order did not constitute an abuse of discretion, we affirm the ruling of the trial court.
Appellant filed the within action for divorce on April 16, 1999. The appellant initially retained attorney Judith Hunt to represent her interests in the proceedings. Attorney Hunt served as appellant's counsel from April 1999 to August 1999, when the appellant expressed some anxiety over the manner in which her case was being handled. In August of 1999, attorney Hunt, with the permission of the appellant, caused attorney Joyce Barrett to be retained as appellant's co-counsel. At some point well into the proceedings, the appellant discharged both Hunt and Barrett and retained new counsel.
On January 12, 2001, a settlement agreement reached by the parties was journalized. This agreement resolved all outstanding issues other than the allocation of responsibility for attorney fees incurred by the appellant during the time in which she was represented by attorneys Hunt and Barrett.
The trial court had an evidentiary hearing on the appellant's motion for additional spousal support in the form of attorney fees over the course of two days on January 10, 2001 and January 11, 2001. The settlement agreement between the parties had already been reached at this juncture, but had not yet been journalized. The hearing consisted of testimony from the appellant, attorney Hunt and attorney Barrett.
On January 25, 2001, the trial court issued a judgment entry in which it found that the amount of reasonable attorney fees incurred by the appellant was $10,000.00 as to attorney Barrett and $2,500.00 as to attorney Hunt. As the appellant had already paid attorney Hunt $2,500.00 over what the court determined to be the amount of fees reasonably incurred, the court ordered that attorney Hunt transfer to attorney Barrett the sum of $2,500.00.
As has already been stated, the total amount of legal fees found by the court to be reasonably incurred by attorney Barrett was $10,000.00. After crediting the appellant $2,500.00 for fees already paid to attorney Barrett by appellant and $2,500.00 for fees ordered to be paid by attorney Hunt on appellant's behalf, the court found that the amount still due and owing to attorney Barrett by appellant was $5,000.00. The court refused appellant's request that it order the appellee to pay these outstanding attorney fees. The court specifically found that the appellant was capable of paying the additional $5,000.00 in attorney fees.
The appellant timely filed the within appeal and assigns one assignment of error for this court's review:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO AWARD APPELLANT ALL ATTORNEY FEES AND COSTS INCURRED AS ADDITIONAL SPOUSAL SUPPORT AND BY NOT CONSIDERING APPELLANT'S NEED AND APPELLEE'S ABILITY TO PAY AS SET FORTH IN R.C. 3105.18(H).
Appellant correctly notes that our standard of review in an appeal from a trial court's award of spousal support is an abuse of discretion standard.
This court recently reviewed the standard for reviewing a trial court's award of spousal support in Millstein v. Millstein (Oct. 12, 2000), Cuyahoga App. No. 77158, unreported:
 It has long been the rule that an award of attorney fees is based on, among other things, necessity, and that necessity is determined by a consideration of the parties' financial situation, including income, assets and expenses. Barone v. Barone (Sept. 1, 2000), Lucas App. No. L-98-1328, unreported. Cassaro v. Cassaro (1976), 50 Ohio App.2d 368, 363 N.E.2d 753. In Goode v. Goode (1991), 70 Ohio App.3d 125, 134, 590 N.E.2d 439, the court noted that a trial court, in reviewing the record to determine the necessity and reasonableness of attorney fees, may use its own knowledge and experience.
 An award of attorney fees can be reversed only if the trial court abused its discretion. Birath v. Birath (1988), 53 Ohio App.3d 31, 558 N.E.2d 63; Swanson v. Swanson (1976), 48 Ohio App.2d 85, 355 N.E.2d 894. In determining whether to award reasonable attorney fees to either party, the trial court must decide "whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." R.C. 3105.18(H). Fees may be awarded only if the payor spouse has the greater ability to pay. Lee v. Lee (1983), 10 Ohio App.3d 113, 460 N.E.2d 710; Leff v. Leff (Mar. 2, 2000), Cuyahoga App. Nos. 75551, 75581, unreported.
Applying that standard to the facts of this case we cannot conclude that the trial court committed reversible error when it failed to grant appellant's motion requesting that appellee be ordered to pay her outstanding legal liabilities. Per the terms of the party's settlement agreement, the appellee was to pay to appellant the sums of $5,865.00 in monthly spousal support and $4,605.36 in monthly child support, together totaling over $10,000.00 Thus, despite the appellant's protestations that she only earns $18,000 per year as a department store clerk while her husband has a successful medical practice, the trial court properly concluded that she had the means with which to pay her own legal fees. There was no necessity that the appellee be ordered to pay additional support in the form of attorney fees. Appellant would have this court consider only the respective income of the parties and ignore assets, expenses and other obligations.
For the foregoing reasons, the appellant's lone assignment of error is overruled and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and JAMES J. SWEENEY, J., CONCUR.