[Cite as *State ex rel. Detty v. Adkins*, 2012-Ohio-1524.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| State ex rel. John L. Detty, Prosecuting Attorney of Jackson County, Ohio,, | : | |
| | : | Case No. 11CA3 |
| Relator, | : | **DECISION AND JUDGMENT ENTRY** |
| v. | : | |
| Larry R. Adkins, Jr., | : | **RELEASED 03/23/12** |
| Respondent. | : | |

---

Appearance:

John L. Detty, Prosecuting Attorney, Jackson County, Ohio, *pro se.*

---

Harsha, A.J.

Relator John L. Detty, Prosecuting Attorney of Jackson County, Ohio, has filed a complaint seeking a writ of quo warranto against Respondent Larry R. Adkins, Jr. Detty asks this court to oust Adkins from the office of township trustee for Jefferson Township in Jackson County, Ohio, based on his felony level convictions in the United States District Court for the Southern District of Ohio, Eastern Division. Although Adkins did not file an answer to the complaint or a brief, the relator has not moved for default judgment. Therefore, we proceed to address the merits of the complaint. Because Adkins is incompetent to hold office due to his convictions, we find merit in the complaint. Accordingly, we **GRANT** the writ.

I.

Adkins is currently serving as an elected township trustee of Jefferson Township in Jackson County, Ohio.  On July 13, 2010, Adkins pled guilty to one count of committing depredation against United States Forest Service property in violation of 18 U.S.C. § 1361, and one count of willfully and knowingly stealing United States property valued in excess of $1,000.00 in violation of 18 U.S.C. §641.  The trial court sentenced Adkins to three years of probation, including six months of home confinement with electronic monitoring, and ordered that he pay restitution in the amount of $43,844.62.

II.

Quo warranto is the exclusive means for litigating a person's right to hold a public office.  *State ex rel. Battin v. Bush*, 40 Ohio St.3d 236, 238, 533 N.E.2d 301 (1988).  R.C. 2733.05 authorizes a prosecuting attorney to bring a quo warranto action upon his own relation.  The remedy afforded in quo warranto is that of ouster of the respondent from public office pursuant to R.C. 2733.14.

Detty argues that this Court should grant the writ of quo warranto because Adkins is no longer entitled to hold office pursuant to R.C. 2961.01.  R.C. 2961.01(A)(1) states:

> A person who pleads guilty to a felony under the laws of this or any other state or the United States and whose plea is accepted by the court * * * is incompetent to be an elector or juror or to hold an office of honor, trust, or profit.

The evidence submitted by Detty reflects that Adkins pled guilty to violations of 18 U.S.C. § 1361 and 18 U.S.C. § 641 in federal court.  Detty has not disputed this evidence or demonstrated that, despite his convictions, his right to hold office has been restored pursuant to R.C. 2961.01(A)(2)(the full pardon of a person who is incompetent to hold an office under division (A)(1) restores the rights and privileges forfeited under

division (A)(1)).

III.

Because we conclude that Adkins is no longer competent to hold the office of township trustee for Jefferson Township based on his convictions in federal court, we **GRANT** the petition for quo warranto and oust Adkins from his position as township trustee.  A vacancy is declared for this particular seat which may be filled pursuant to law.

The clerk is **ORDERED** to serve a copy of this entry on all counsel of record by ordinary mail.  The clerk shall serve respondent by certified mail, return receipt requested.  If returned unserved, the clerk shall serve respondent  by ordinary mail.  **SO ORDERED.   WRIT GRANTED.  COSTS TO RELATOR.**

Abele, P.J. & Kline, J.: Concur.

**FOR THE COURT**

_____

William H. Harsha
Administrative Judge

**NOTICE**

**This document constitutes a final judgment entry and the time period for appeal commences from the date of filing with the clerk.**

**Pursuant to Civ.R. 58(B), the clerk is ORDERED to serve notice of the judgment and its date of entry upon the journal on all parties who are not in default for failure to appear.  Within three (3) days after journalization of this entry, the clerk is required to serve notice of the judgment pursuant to Civ.R. 5(B), and shall note the service in the appearance docket.**