**GOODE, Appellant,**

**v.**

**GOODE, Appellee.**

[Cite as *Goode v. Goode* (1991), 70 Ohio App.3d 125.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–606.

Decided Dec. 17, 1991.

*Richard F. Swope,* for appellant.

*Artz, Dewhirst & Farlow* and *Beverly Farlow,* for appellee.

PEGGY BRYANT, Judge.

Plaintiff-appellant, William Goode ("plaintiff"), appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a divorce to plaintiff and defendant-appellee, Deborah Goode ("defendant").

Plaintiff initiated this divorce action, seeking to end his eighteen-year marriage to defendant. Three children were born of the marriage: William Bryan Goode, born in 1975; Aaron Michael Goode, born in 1977; and Jo Ellen Renee Goode, born in 1979. Initially, defendant opposed the divorce action, but shortly before trial the parties agreed to end the marriage on the grounds

of incompatibility. Accordingly, the parties entered into lengthy stipulations concerning such issues as the division of marital property, child custody, child support, and visitation. However, the parties were unable to agree on the issues of spousal support and on the division of certain items of personal property: a fishing boat valued at approximately $1,500, a 35–millimeter camera and collection of VHS tapes.

After a brief trial to the court, the parties were granted a divorce on the stipulated grounds of incompatibility. Marital property was awarded in accordance with the parties' pretrial agreement. Child support was set at the amount dictated by the statutory guidelines based on the income figures provided in the parties' agreement; and child support was to terminate upon graduation of each child or upon each child's eighteenth birthday, whichever occurred later. However, as stipulated by the parties, child support for Aaron was to continue until he became self-supporting.

With respect to the disputed issues, plaintiff was awarded the fishing boat; defendant received the 35–millimeter camera; and one half of the VHS tapes were distributed to plaintiff, with the other half going to defendant. The court determined that defendant was entitled to spousal support in the amount of $350 per month for a period of eight years. In addition, plaintiff was ordered to maintain health insurance for defendant through his place of employment for a period of three years. Finally, plaintiff was ordered to pay defendant $1,000 for defendant's attorney fees.

Plaintiff appeals therefrom assigning the following errors:

"1. The trial court erred and abused its discretion in granting spousal support and ordering Plaintiff–Appellant to provide insurance benefits to Defendant–Appellee, such support being unreasonable and inappropriate and contrary to the provisions set forth in Section 3105.18, Revised Code.

"2. The trial court erred in failing to make specific findings as to the value of property which justifies the division of property as being equitable as required by Section 3105.171(G), Revised Code and the request for separate findings of fact and conclusion of law.

"3. The trial court erred and abused its discretion in failing to grant Plaintiff–Appellant all or part of the children for federal, state and local income tax purposes.

"4. The trial court erred and abused its discretion in requiring the Plaintiff–Appellant to pay one-half of ordinary medical, dental bills, not covered by insurance contrary to Section 3133.215(B)(5)(f), Revised Code.

"5. The trial court erred and abused its discretion in granting spousal support for a period of eight (8) years, such period of time being unreasonable

in light of the ages of the children, the training and ability of Defendant–Appellee and the award of possession and occupancy of the family residence.

"6. The trial court erred in awarding attorney fees without any evidence concerning the reasonableness and necessity of such fees."

Since plaintiff's first and fifth assignments of error are interrelated, we will address them jointly. Plaintiff's first assignment of error asserts that the trial court erred and abused its discretion by failing to consider all of the factors enumerated under R.C. 3105.18 in determining defendant's need for spousal support, or alimony, and in ordering plaintiff to provide insurance benefits to defendant, and, in particular, that the trial court failed to consider the relative earning abilities of the parties.[1]

At the outset, we note that the trial court has broad discretion in making property-alimony awards, which this court will not overturn absent an abuse of discretion. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. An abuse of discretion may be found only where the determination of the trial court is unreasonable, arbitrary or unconscionable. *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197. An appellate court may not simply substitute its own judgment of factual or discretionary issues for those of the trial court. *Birath v. Birath* (1988), 53 Ohio App.3d 31, 558 N.E.2d 63. Within those parameters, and contrary to plaintiff's contentions, the record reveals that the trial court considered the relative earning abilities of the parties, but concluded that defendant's earning potential was restricted by her responsibilities as a custodial parent, finding that "full-time employment for defendant would be inappropriate because of her responsibilities as a residential parent for the parties' three minor children."

Plaintiff asserts, however, that even if the trial court considered the appropriate factors, the record does not support the trial court's conclusion. More particularly, plaintiff argues that the trial court should have assessed defendant's potential earning capacity at $22,880 based on her $11 per hour pay rate projected over a forty-hour week for fifty-two weeks. However, testimony at trial revealed that the parties' son, Aaron, is epileptic and moderately retarded, requiring more supervision and care than other children in his age group, and that Aaron's doctors have anticipated Aaron's epileptic seizures will worsen during puberty. Apart from the extraordinary custodial responsibilities accompanying Aaron, defendant also testified that the parties'

---

1. While plaintiff argues application of R.C. 3105.18 as amended effective April 11, 1991, plaintiff's action was heard and a decision was rendered on January 28, 1991, even though the actual decree was not entered until April 25, 1991. However, the outcome of this case is unaffected by the amendments to R.C. 3105.18.

daughter, Jo Ellen, was experiencing difficulty in school and was undergoing psychological therapy for treatment of emotional problems related to the parties' divorce.

In addition to the foregoing, defendant testified that she currently is employed as a part-time licensed practical nurse at a nursing home approximately five minutes from her home; that she works sixteen hours per week at $11 per hour; and that her employer had no full-time positions available during daytime hours. Defendant's testimony further indicates that, due in particular to Aaron's problems, she preferred to work close to home and to the childrens' school so that she could better attend to her responsibilities as custodial parent; that she was unable to obtain child care in the event she worked during the evening or nighttime hours; and that the children were not yet old enough to leave during the nighttime hours without child care. Indeed, Aaron's condition presented further concern to defendant's evening employment, as one of Aaron's recent seizures occurred in the evening hours and required defendant to rush him to an emergency room for treatment.

Given the foregoing evidence, the record supports the trial court's factual conclusion that defendant's potential income is that which she currently earns, and that full-time employment would be inappropriate for defendant at the present time due to her responsibilities as a custodial parent, and in particular, with respect to Aaron. See R.C. 3105.18(B)(6).

■ Plaintiff argues in his fifth assignment of error that, even if the trial court properly ruled as to defendant's earning potential, the trial court nonetheless abused its discretion by arbitrarily assigning an eight-year duration to the spousal support award. Again, we disagree.

Specifically, defendant testified that she had completed one and one-quarter years toward a degree as a registered nurse, and that, in order to obtain a degree, she would need to attend nursing school for approximately eight years on a part-time basis. Moreover, the evidence indicates that the parties' children should be out of school within eight years, thus alleviating some of defendant's responsibilities as a custodial parent and allowing her additional time to devote to employment. Finally, the trial court expressly reserved jurisdiction to modify the order of spousal support upon proof of a substantial change of circumstances. Considering all of the foregoing factors, the trial court's determination to award spousal support for a period of eight years is reasonable and supported by the evidence.

Despite the foregoing evidence, plaintiff asserts that, since defendant is already a licensed practical nurse, she need not obtain an advanced degree in order to become self-supporting. Given a marriage of eighteen years' duration, wherein defendant's career apparently was secondary to her primary role

as caregiver for the parties' children, we find no abuse of discretion in the trial court's determining that defendant did not achieve appropriate employment during the course of the marriage, and that defendant properly may continue to pursue an advanced degree for such employment.  Cf. R.C. 3105.18, as amended, in R.C. 3105.18(C)(1)(k).

Plaintiff next contends that the trial court abused its discretion by ordering him, through his employment, to continue to provide health insurance for defendant for a period of three years, and that payment for insurance coverage is not a proper method to implement an award of spousal support. In determining the nature, amount and terms of payment of spousal support, the trial court is permitted to consider "all relevant factors."  See R.C. 3105.18(B).  Accordingly, the trial court acted within its statutory authority in awarding continued health insurance coverage for defendant.  See, *e.g.*, *Stone v. Stone* (Nov. 23, 1988), Lawrence App. No. 1872, unreported, 1988 WL 125020; cf. *Hoeflinger v. Hoeflinger* (Mar. 10, 1989), Lucas App. No. L–87–416, unreported, 1989 WL 20240 (for the purpose of spousal support awards, "the legislature and the courts have not made any express exclusion for certain types of property").  In further support of the trial court's determination, the record reveals that defendant had difficulty obtaining insurance through her current employer due, in part, to the high cost for individual coverage.  Given the statutory authority, as well as the evidence supporting the trial court's determination, we find no abuse of discretion in the trial court's award of continued health insurance coverage for a period of three years.

The remainder of plaintiff's argument concerning the trial court's award of spousal support centers around the general lack of evidence concerning the parties' debts and expenses.  We agree with plaintiff that the record could contain more evidence regarding spousal support.  Nonetheless, the record contains sufficient evidence to support the trial court's determination. Specifically, defendant testified that, other than the mortgage indebtedness which she was to assume under the agreement between the parties, she had no other extraordinary debts or expenses.  Similarly, plaintiff testified that he currently lives with Deborah Bartley, his fiancee, as well as Shawn Manur and Kristen Mayfield, and that, although he paid $100 per month for utilities, he paid no rent in return for his work-for-rent agreement with Congress Management Company.  Plaintiff submitted no further evidence concerning additional debts or expenses.

The foregoing evidence, in addition to that already discussed in support of the trial court's award of spousal support, is sufficient to support the trial court's award.  Indeed, plaintiff testified to an income of over $37,000 per

year;  defendant testified to an income of $6,600 per year.  Subtracting the trial court's orders for child support and spousal support from defendant's income, and attributing them to defendant as income, the trial court has approximately equalized the income of the parties.  While plaintiff will be responsible for taxes on his income, defendant likely will have tax repercussions as a result of receiving spousal support.

In short, considering all of the foregoing, we are unable to find an abuse of discretion in the trial court's award.  Plaintiff's first and fifth assignments of error are overruled.

In his second assignment of error, plaintiff contends that the trial court erred and abused its discretion by failing to make specific valuation of each item of property.

R.C. 3105.171 provides in relevant part:

"(G) In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided * * *."

Although R.C. 3105.171 does not expressly require specific valuation, in *Gottlieb v. Gottlieb* (Mar. 19, 1991), Franklin App. No. 90AP–1131, unreported, 1991 WL 38774, this court stated at 10:

"In order for an appellate court to make a proper review of a trial court's property division, each asset must be assigned a value.  * * *

" 'The trial court has broad discretion to develop some measure of value. However, the court is not privileged to omit valuation altogether.  The court itself should instruct the parties to submit evidence on the particular matter.' "  (Citations omitted.)

In *Gottlieb* we recognized that specific valuation of property is necessary to facilitate appellate review in cases where the division of property is contested. However, where, as in the present circumstances, the vast majority of the property is distributed pursuant to the parties' prior agreement, specific valuation is not as essential.  Indeed, one of the primary benefits of entering into an agreed distribution is to eliminate the trouble and expense of proving the underlying facts at trial.  Cf. *Ish v. Crane* (1862), 13 Ohio St. 574.  To the extent plaintiff agreed to the distribution as outlined in the agreement, and the trial court generally found it equitable, we fail to see a basis for plaintiff's assignment of error.

With respect to the remaining items of personal property not covered by the stipulation, plaintiff has failed to prove that the court's distribution was inequitable.  As discussed above, the only items of personal property remain-

ing to be distributed by the court were the fishing boat, valued at $1,500, a 35-millimeter camera, and a collection of VHS tapes. Plaintiff was awarded the boat, defendant the camera and the VHS tapes were divided fifty percent to plaintiff and fifty percent to defendant. Although the camera and the tapes were never specifically valued, neither party offered any evidence of their value at trial. Given the lack of evidence, we are unable to conclude that the trial court abused its discretion in its distribution of these items of personal property. Accordingly, plaintiff's second assignment of error is overruled.

■ Plaintiff's third assignment of error contends that the trial court erred in not awarding to plaintiff the dependency exemptions for the parties' three minor children for state and federal tax purposes. Plaintiff did not argue allocation of tax exemptions to the trial court, nor did he present evidence of the benefit he would derive by being able to use them. Nonetheless, plaintiff now submits that had the trial court awarded the three dependency exemptions to him, his tax liability would decrease by $1,200 and that defendant cannot employ the exemptions to a tax advantage.

In *Hughes v. Hughes* (1988), 35 Ohio St.3d 165, 518 N.E.2d 1213, the Supreme Court held, at the syllabus:

"As part of the division of marital property in a divorce proceeding, a domestic relations court *may* award the dependency exemption permitted in Section 151, Title 26, U.S.Code, to the noncustodial parent. * * *" (Emphasis added.)

Absent an award, the dependency exemption remains with the custodial parent. Section 152(e), Title 26, U.S.Code.

Applying the foregoing to the present case, we note that the record does not mention the exemptions. While that absence may indicate that the exemptions were not considered, it clearly reflects the trial court took no action with respect to them. Further, considering not only the agreement between the parties with respect to all issues except those specifically placed before the court for determination, but also the absence of any evidence in the record with respect to the effect of awarding the exemptions to plaintiff rather than allowing them to remain with defendant, we cannot conclude that the trial court abused its discretion by not awarding the dependency exemptions to plaintiff under the circumstances present herein. Plaintiff's third assignment of error is overruled.

■ Plaintiff's fourth assignment of error asserts that the trial court erred and abused its discretion by requiring plaintiff to pay one half of the uninsured medical and dental bills related to the children. Plaintiff's obli-

gation was not thrust upon him by the trial court, but was voluntarily entered into by virtue of the parties' agreement. Plaintiff having agreed to the provision he now challenges, we fail to see how the trial court could have abused its discretion, especially under circumstances present in this case. Plaintiff's fourth assignment of error is overruled.

In his sixth assignment of error, plaintiff contends that the trial court erred and abused its discretion by ordering plaintiff to contribute $1,000 to the payment of defendant's attorney fees when defendant presented no evidence demonstrating the "reasonableness" of the fees.

The trial court has authority to grant reasonable attorney fees to the prevailing party in a domestic relations action. *Tumeo v. Tumeo* (Nov. 20, 1990), Franklin App. No. 89AP–1140, unreported, 1990 WL 179973; *Sladoje v. Sladoje* (Feb. 20, 1990), Franklin App. No. 89AP–786, unreported, 1990 WL 14812. Further, an award of attorney fees in a domestic relations action is committed to the sound discretion of the trial court and will not be reversed absent a finding of an abuse of discretion. *Id.* See, also, R.C. 3105.18. However, in order to recover attorney fees, the movant has the burden of proving that expenses were incurred, and that the expenditures were reasonable and necessary.

At trial, defendant stated that as of one month prior to trial she had incurred attorney fees in the amount of $2,500. In very limited circumstances this court has held that the trial court may use its own knowledge and experience in reviewing the record to determine the necessity and reasonableness of attorney fees. *Sladoje, supra,* citing *Ward v. Ward* (June 18, 1985), Franklin App. No. 85AP–61, unreported, 1985 WL 10335. Herein, the trial court awarded defendant less than one half the amount defendant stated she had incurred prior to trial. Given the nominal amount of the award, as well as the additional fees defendant clearly incurred in trial, we cannot say that the award of $1,000 is unreasonable or unconscionable. Accordingly, plaintiff's sixth assignment of error is overruled.

Having overruled all six of plaintiff's assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

BOWMAN, P.J., and WHITESIDE, J., concur.