OPINION
Defendant-appellant, James E. Robinson, appeals the decision of the Belmont County Common Pleas Court overruling his motion to terminate an obligation to pay health insurance premiums on behalf of plaintiff-appellee, Janet E. Robinson.
Appellant and appellee were married on February 17, 1979. No children were born of the marriage, and on November 8, 1996, the parties entered into a separation agreement. The agreement provided that all of the parties' personal property had been divided by mutual agreement, that all jointly held financial accounts had been closed, and that the parties waived all interest in each other's pension or retirement plans. The agreement also provided that appellee would convey her interest in the marital residence to appellant, in consideration of which appellant was to pay a lump sum of $13,000 to appellee. Article V of the agreement provided as follows:
"Article V. HEALTH INSURANCE
 "A. Husband shall maintain in full force and effect a policy of hospitalization and medical insurance coverage now carried through his employer or otherwise, and covering the Wife.
 "B. Husband agrees to provide and make available to Wife a description of the coverages available under any insurance policy undertaken pursuant to this agreement, along with any changes or additions thereto as the same become available. Further, Husband shall make available to Wife, identification numbers and claim forms necessary to secure and obtain payment for services rendered which are covered by said policy. In consideration thereof, Wife agrees to utilize medical, dental, optometric, and orthodontic providers for which said coverage is available."
In subsequent articles, appellant agreed to hold appellee harmless for the current indebtedness of the parties, and to pay appellee $200 per month in spousal support, which obligation would cease upon appellee's death, remarriage, or cohabitation with a third party. The parties agreed that the award of spousal support would be modifiable upon a showing of changed circumstances. Article XII further provided that:
 "This agreement, or any mutually agreed upon amendment thereto, shall be submitted to any court in which a petition for dissolution of the marriage or complaint for divorce may be pending and, if found by the court to be fair and equitable and if approved or validated by the court, shall be incorporated into the final decree of said court as the order of said court."
Finally, the agreement noted that it had been prepared by counsel for appellee, that appellant had been advised of his right to have an attorney represent him in matters relating to the agreement, but that he had elected not to retain counsel. The agreement was executed by both parties on November 8, 1996.
On November 12, 1996, appellee filed a complaint for legal separation, which complaint requested the incorporation of the separation agreement. A hearing was held on December 16, 1996, at which time counsel for appellee informed the trial court that the parties had agreed to remain married but legally separated in order to continue health insurance coverage for appellee through appellant's employer, as neither party could afford to provide separate health insurance for appellee. According to appellee's counsel, in return for remaining covered under appellant's health insurance, appellee had agreed to relinquish all rights to appellant's pension.
Also, at the hearing, appellant indicated that his employer had informed him that appellee could not be removed as a beneficiary of his retirement plan. At the conclusion of the hearing, the trial court continued the matter to permit counsel for appellee to investigate appellant's claim in this regard.
On January 23, 1997, appellee filed a motion to convert her complaint for legal separation into a complaint for divorce. The complaint for divorce, filed the same day, did not mention the separation agreement. Thereafter, on February 21, 1997, appellee filed a motion to incorporate the separation agreement into the decree for divorce. Appellant filed a counter motion seeking an order incorporating the agreement without the health insurance provision or, in the alternative, an order rejecting the entire separation agreement.
An evidentiary hearing was held on March 24, 1997, following which the trial court granted the parties a divorce, taking all other matters under advisement. On April 16, 1997, the trial court issued its opinion and decision. On the issue of whether to incorporate the separation agreement into the divorce decree, the trial court found that both parties had voluntarily agreed to be bound by the terms of the agreement, that the agreement was fair and equitable, and that from the language of the agreement itself, both parties had understood at the time that it would be incorporated into a future divorce decree. As such, the trial court incorporated the agreement with several modifications.
The provision providing for spousal support was modified to reflect a reduction from $200 per month to $175 per month, and appellant was ordered to retain a survivor annuity benefit on his pension on behalf of appellee in the amount of $400 per month at a cost $49 per month. The reduction of $25 per month in spousal support was to reflect that both parties were sharing in the cost of maintaining appellee's annuity benefit. The trial court incorporated the remainder of the separation agreement into the decree of divorce and ordered both parties to submit a qualified domestic relations order (QDRO) in order to modify appellant's survivor benefit from $1,011 per month to $400 per month, with appellee as the recipient. The final divorce decree was filed on April 29, 1997, in which appellant, inter alia, was ordered to maintain a policy of hospitalization and medical insurance covering appellee.
On January 27, 1998, appellee filed a contempt motion against appellant alleging that appellant had changed his health insurance provider without notifying his insurance provider that coverage for appellee was to continue. The motion also alleged that appellee had serious medical problems which precluded her from obtaining her own coverage, and requested that appellant pay for all reasonable medical expenses, including prescriptions, until medical coverage was reinstated.
On March 27, 1998, the parties informed the trial court that the issues raised in the motion had been settled, and the trial court entered an agreed judgment entry. The entry ordered that appellant pay $1,986.13 to appellee for premiums to reinstate health insurance coverage from May 21, 1997 through March 31, 1998. In addition, the agreement provided that appellant would pay directly to appellee the sum of $212.54 per month, representing the monthly premium for the medical insurance plan.
On October 10, 1998 appellee remarried. Appellant thereafter filed a motion to modify the divorce decree so as to terminate appellant's obligation to provide spousal support, to terminate the survivorship annuity, and to terminate appellant's obligation to pay appellee's health insurance. By way of an agreed judgment entry filed on October 7, 1998, appellant's spousal support obligation was terminated as of September 1, 1998. A hearing was conducted on the remaining issues on November 30, 1998, and on January 5, 1999, the trial court filed its judgment entry, ruling in part as follows:
 "THE COURT FURTHER FINDS AND CONCLUDES that the obligation of the Defendant to provide for the payment of health insurance coverage for the Plaintiff constitutes a payment made to a third party for the benefit of a spouse that was made as a part of a division or distribution of property under Ohio Revised Code 3105.171 and is, thus, not modifiable."
In addition, the trial court found that:
 "[T]he remarriage of the Plaintiff prevents her eligibility to receive future annuity payments such that Article V of the Decree of Divorce filed on April 29, 1997, should be determined null and void and the Defendant should be released from any further payments upon such annuity obligation."
It is from this decision that appellant's appeal emanates.
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT COMMITTED ERROR BY FINDING THAT PAYMENT OF HEALTH INSURANCE FOR THE BENEFIT OF A SPOUSE IS A DISTRIBUTION OF PROPERTY PURSUANT TO O.R.C. 3105.171 AND IS THEREFORE NON-MODIFIABLE."
At the outset, we note that appellee has failed to file a brief in this matter. Accordingly, pursuant to App.R. 18 (C), this court is authorized to accept appellant's statement of the facts and issues as correct and to reverse the judgment if appellant's brief reasonably appears to sustain such action.
Appellant argues that the trial court erred in finding that the provision ordering the payment of health insurance premiums was a distributive award and therefore non-modifiable. Rather, appellant claims that the payment of health insurance benefits is spousal support, which may be modified pursuant to R.C. 3105.18.
R.C. 3105.18 defines spousal support as:
 "[A]ny payment or payments to be made to a spouse or former spouse, or to a third party for the benefit of a spouse or a former spouse, that is both for sustenance and for support of the spouse or former spouse.
In contrast, R.C. 3505.171 defines a distributive award as:
 "[A]ny payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support, as defined in section 3105.18 of the Revised Code.
Trial courts are permitted to make distributive awards in order to facilitate, effectuate, or supplement a division of marital property, or may make such an award in lieu of a division of marital property, in order to achieve equity between the parties. R.C. 3105.171(E). However, a division of property or a distributive award, once made, is not subject to future modification. R.C. 3105.171(I).
In the instant case, the separation agreement does not specify whether the payments for appellee's health insurance premiums were intended as a distributive award or whether such were intended as support and sustenance for appellee. At the hearing on the motion to modify, appellee testified that her intent at the time of entering the agreement was that should she remarry, the spousal support would terminate but the health insurance payments would continue. In contrast, appellant testified that his understanding was that the obligation to provide health insurance coverage would terminate upon appellee's remarriage.
A separation agreement is a contract and is subject to the same rules of construction as other contracts. Forstner v. Forstner
(1990), 68 Ohio App.3d 367, 372. The general rule is that contracts should be construed so as to give effect to the intention of the parties. Aultman Hosp. Assn. v. Community Mut.Ins. Co. (1989), 46 Ohio St.3d 51, 53. Where the parties, following negotiations, make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, courts will give effect to the parties' expressed intentions. Aultman Hosp. Assn., supra. However, intentions not expressed in the writing are deemed to have no existence and may not be shown by parole evidence. Aultman Hosp. Assn., supra.
In cases where trial courts have ordered one party to provide health insurance to the other party, such awards have been considered spousal support rather than property distributions. For example, in Goode v. Goode (1991), 70 Ohio App.3d 125, a husband argued that the trial court had erred in requiring him to maintain health insurance for his former wife for a period of three years, as such was not a proper method of implementing spousal support. The court of appeals for Franklin County stated:
 "In determining the nature, amount and terms of payment of spousal support, the trial court is permitted to consider `all relevant factors'. Accordingly, the trial court acted within its statutory authority in awarding continued health insurance coverage for defendant. In further support of the trial court's determination, the record reveals that defendant had difficulty obtaining insurance through her current employer due, in part, to the high cost for individual coverage. Given the statutory authority, as well as the evidence supporting the trial court's determination, we find no abuse of discretion in the trial court's award of continued health insurance coverage for a period of three years." Goode, supra, at 131 (Internal citations omitted.)
See, also, Pearson v. Pearson (1997), Franklin App. No. 96APF08-1100, unreported ("[W]e find no abuse of discretion in the trial court's inclusion of an amount for COBRA health insurance benefits as part of the spousal support award."); Stonev. Stone (1988), Lawrence App. No. 1872, unreported ("Payments for insurance coverage are, too, forms of sustenance alimony, to be awarded at the discretion of the trial court.").
We need not address the issue of whether R.C. 3105.171
precludes the payment of health insurance premiums either by lump sum or by installments as a distributive award in appropriate cases. Rather, we find that the separation agreement in the instant case does not indicate that the award of health care benefits was part of a property distribution.
The agreement nowhere expresses that appellee gave up her rights in appellant's retirement plan in exchange for continued health insurance coverage. Indeed, the separation agreement states that both parties gave up their respective rights in each other's pension plans, and that the only consideration given for the continued health insurance coverage was that appellee would use the health care providers required by the insurer. To the extent that the trial court relied on appellee's testimony concerning her intent in entering into the agreement, the trial court erred. Extrinsic evidence intended to show an oral agreement between the parties prior to the execution of the separation agreement is prohibited by the parole evidence rule, to the extent that such evidence conflicts with the written agreement. Morgan v. Morgan (1998), 127 Ohio. App.3d 142, 150. In any event, even if the agreement referred to by appellee had been clearly expressed in the separation agreement, the trial court effectively modified it by requiring appellant to maintain a survivor annuity on his pension on behalf of appellee at an additional monthly cost to appellant of $25. Accordingly, we find that the award of health insurance benefits as recited in the separation agreement and the final divorce decree was not made as part of a property distribution, but rather was an award for the sustenance and support of appellee.
Having found that the award of health care insurance is more properly categorized as spousal support, the issue remaining is whether said award was subject to modification by the trial court.
R.C. 3105.18(E) provides:
 "If * * * a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 "(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."
In the instant case, both the parties' separation agreement at Article IX, and the trial court's decree of divorce filed April 29, 1997, provided that appellant's obligation to pay spousal support to appellee shall cease upon appellee's death, appellee's remarriage or appellee's cohabitation with a third party, and appellant's obligation to pay spousal support "shall be modifiable, by mutual agreement or by court of competent jurisdiction, upon a showing of a change of circumstances of the defendant [Husband] and the plaintiff [Wife]."
As we have found that appellant's obligation to maintain health insurance coverage for appellee is properly categorized as spousal support in this particular case, the trial court retained continuing jurisdiction to modify such obligation in appropriate circumstances. Given that the trial court terminated appellant's spousal support obligation as of September 1, 1998 due to appellee's remarriage, appellant's obligation to maintain health insurance coverage for appellee, being considered spousal support, should likewise have been terminated on that date for the same reason.
Furthermore, we note that the separation agreement in question, which originally addressed the issue of health insurance coverage for appellee and which was not modified by the trial court on this point, was prepared by counsel for appellee. As we have stated that a separation agreement is a contract and subject to the same rules of construction as other contracts pursuant toForstner, supra, it is likewise true that ambiguous contractual language will be construed against the drafter of the contract.Lelux v. Chernick (1997), 119 Ohio St.3d 6. Clearly, the contractual language in question here is ambiguous and should have been strictly construed against appellee since the separation agreement was prepared by her counsel.
Accordingly, because the trial court incorrectly found that it had no jurisdiction to modify appellant's obligation to provide health insurance coverage for appellee and because the trial court failed to terminate appellant's obligation to maintain health insurance coverage for appellee at the time it terminated appellant's spousal support obligation due to appellee's remarriage, appellant's sole assignment of error is found to be with merit.
The judgment of the trial court is hereby reversed and this cause is remanded for further proceedings according to law and consistent with this opinion.
Donofrio, J., dissents. See dissenting opinion. Vukovich, J., concurs.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE