OPINION
Appellant Deborah H. Joliet appeals a judgment of the Licking County Common Pleas Court, Domestic Relations Division, finding her in contempt of court for violating a Decree of Divorce from appellee, Gary Pryor:
 ASSIGNMENTS OF ERROR: I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN FINDING MS. JOLIET IN CONTEMPT OF THE PARTIES' SHARED PARENTING DECREE FOR FAILING TO PROVIDE MR. PRYOR WITH THANKSGIVING AND CHRISTMAS COMPANIONSHIP WITH THE PARTIES' MINOR CHILDREN.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN FASHIONING PURGE ORDERS WHICH REQUIRED MS. JOLIET TO COMPLY WITH THE TRIAL COURT'S ORDERS IN THE FUTURE.
 III. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN FINDING MS. JOLIET IN CONTEMPT OF THE PARTIES' AGREED JUDGMENT ENTRY — DECREE OF DIVORCE FOR FAILING TO PAY THE PARTIES' THIRD MORTGAGE OBLIGATION.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN FINDING MS. JOLIET IN CONTEMPT OF THE PARTIES' AGREED JUDGMENT ENTRY — DECREE OF DIVORCE FOR FAILING TO RETURN HOUSEHOLD GOODS AND/OR RETURNING SAME IN DAMAGED CONDITION.
 V. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN ORDERING MS. JOLIET TO PAY MR. PRYOR $400 IN DAMAGES FOR HER CONTEMPT RELATIVE TO THE HOUSEHOLD GOODS.
 VI. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN FINDING MS. JOLIET IN CONTEMPT FOR FAILING TO PROVIDE MR. PRYOR WITH THE NAME AND PHONE NUMBER OF THE PARTIES' DAUGHTER'S PSYCHOLOGIST.
 VII. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN AWARDING MR. PRYOR ATTORNEY FEES IN THE AMOUNT OF $1,000.
On October 23, 1998, the parties entered a written settlement memorandum to terminate their marriage. This memorandum was approved by the Magistrate, and filed with the trial court. The memorandum was subsequently journalized through the filing of an agreed Judgment Entry — Decree of Divorce and a Shared Parenting Decree, which approved and adopted an attached Shared Parenting Plan. On January 22, 1999, appellee filed a motion for contempt, alleging that appellant failed to comply with the terms of the parties' Decree of Divorce and Shared Parenting Decree on four matters. Appellee alleged that appellant failed to comply with the Shared Parenting Plan concerning Thanksgiving and Christmas visitation in 1998, failed to comply with the provisions for payment of the third mortgage on the parties' home, failed to return certain household items in proper condition, as ordered by the court, and failed to provide appellee with the name and the telephone number of the daughter's psychologist. Following a hearing, the court found appellant in contempt of court on all four matters.
 I.
Appellant argues that the court abused its discretion in finding her in contempt of the Shared Parenting Decree for failing to provide appellee with Thanksgiving and Christmas companionship. Under Loc.R. 19.414, Option One, appellee could receive extended Thanksgiving companionship. Appellee argues that appellant did not comply with Loc.R. 19.415, which provides that the non-residential parent must contact the residential parent as to which option will be exercised thirty days prior to the first parenting time day. Appellee testified that he informed appellant as early as Spring, 1998, of his intent to exercise Option One visitation at Thanksgiving. While appellant argues that this discussion took place before the divorce decree was final and, therefore, is of no effect, the parties obviously had entered into discussions concerning the parenting decree, as there is evidence that appellee told appellant which option he wanted for Thanksgiving. Further, there was evidence that when appellee intended to take the children for Thanksgiving visitation, appellant informed him that he was an hour early, and refused to allow him to take the kids by standing in the doorway of the truck. She did not allow him to leave with the children until 6:20 P.M. The court did not abuse its discretion in finding her in contempt of court for violation of the Shared Parenting Decree regarding Thanksgiving visitation. Regarding Christmas, 1998, appellee testified that he notified appellant that he intended to select Option One in the Spring of 1998, at the time they discussed Thanksgiving. He reaffirmed this by letter dated November 30, 1998, after their dispute concerning Thanksgiving visitation. He affirmed that pursuant to Option One, he would pick up the children at Noon on Christmas Day, and return them Sunday, January 3, 1999 at 6:00 P.M. In response, appellant sent him a letter stating that because she did not feel she received timely notice of his selection of Option One, his Christmas visitation would be from Christmas Day at 6:00 P.M. through December 27, 1998 at 6:00 P.M. Appellee testified that he did not see the children at all on Christmas Day, despite his attempt to pick up the children on that day. He testified that when he arrived to pick up the children on Christmas Day, appellant and the children were not home. He testified that he only saw his children during his regular visitation weekends during Christmas break. The court did not abuse its discretion in finding that appellant was in contempt of court for denying appellee Christmas visitation. The first Assignment of Error is overruled.
 II.
Appellant argues that the court improperly required her to comply with the trial court's orders in the future in order to purge contempt of court for interfering with visitation. We agree. For failing to allow appellee court-ordered visitation, the court sentenced appellant to a term of incarceration of ten days and fined her $500. The court suspended the sentence and fine on condition that appellant have no further violations of the court's orders. Orders that purport to regulate future conduct do not provide the party with a true opportunity to purge. Tucker vs. Tucker (1983), 10 Ohio App.3d 251, 252. Insofar as such an order purports to regulate future conduct, the order simply amounts to the court's reaffirmation of its previous judgment, and can have no effect because any effort to punish a future violation would require a new notice, hearing, and determination. Id. The second Assignment of Error is sustained.
 III.
Appellant argues that the court erred in finding her in contempt for failing to pay the parties' third mortgage obligation. She argues that as appellee chose to refinance the third mortgage obligation by transferring it to a credit card in his name, appellant's only obligation was to pay one-half of each monthly credit card payment relative to such obligation as it came due. She argues that her monthly obligation was only $95 per month, and she paid appellee $2,875. She argues that this amount would meet her monthly obligation for more than thirty months, and he would not be entitled to file a contempt action against her until sometime after June, 2001. The divorce decree required that appellant would be responsible for, and refinance, the first and second mortgages on the marital home, removing appellee's name within sixty days of the final hearing. Appellee was required to refinance the third mortgage on said property, removing appellant's name from the mortgage. However, the parties were equally responsible for the payment of the indebtedness associated with the third mortgage. The agreement was silent as to how such payment should be structured, or when such payment was due. However, in finding appellant in contempt for failing to pay one-half of the indebtedness, the court found that she could purge such contempt by paying the remaining portion of her share of the indebtedness on the third mortgage, in the sum of $1,855.89, within thirty days. The court abused its discretion in finding appellant in contempt of court. The agreement was not clear as to when payment was due, or how such payment was to be made. In a separate portion of the decree, the court ordered appellee to pay appellant $2,875 within sixty days of the final divorce hearing, or at the time appellant refinanced the first and second mortgages, whichever occurred first. When appellee made such payment to appellant, she returned the check to him with a letter stating that he was to apply it to payment of the third mortgage. As the divorce decree did not require that the entire indebtedness be paid at one time, and as appellee's monthly minimum payment relative to the transfer of the mortgage to his credit card account was $190 per month, the court abused its discretion in finding her in contempt at this point in time. Appellee also argues that in the letter telling him to apply the money to the third mortgage, appellant refused to pay interest in the amount of 9.9%, and would only pay $32.79 per month. However, because appellant had not yet violated the decree by paying less than the amount due on the refinancing, she cannot be found in contempt for these statements. The third Assignment of Error is sustained.
 IV.
Appellant argues that the court erred in finding her in contempt for failing to return certain household goods, or returning them in damaged condition. In his motion for contempt, appellee alleged that appellant failed to return a flat-blade shovel and a cordless screwdriver. He further alleged that she returned a wooden kitchen table and chairs in damaged condition. Appellant testified at trial that she failed to return the shovel and screwdriver in accordance with the Decree of Divorce. He testified that the wooden kitchen table, chairs, and some additional tools, which he was to receive, were damaged when he arrived at appellant's house to receive them. He testified that he attempted to get those items in November or December of 1998, but appellant refused him access. When he was able to retrieve the items on December 30, 1998, he found his property outside on the deck. The kitchen table and chairs were covered with ice and rust stains. The tools were rusted, sitting on top of the table. Several photographs of the children appellee was to receive were left in an envelope frozen to the table. The court did not abuse its discretion in finding appellant in contempt of court for not returning these items in accordance with the Decree of Divorce. The fourth Assignment of Error is overruled.
 V.
Appellant argues that the court erred in ordering her to pay appellee $400 in damages related to the kitchen table and chairs. Appellee testified that the costs to replace the damaged table and chairs were $200 each, totaling $400. However, appellee also testified that the table top was repaired at a cost of $94.50. He decided that the chairs would not be worth refinishing. He testified there was a rust stain on one of the chairs, but it was small, and he did not have it repaired. The court abused its discretion in ordering appellant to purge the contempt by paying the replacement value of the table and chairs, as appellee was able to refinish the table top for substantially less money, and did not find the damage to the chairs worth repairing. The fifth Assignment of Error is sustained.
 VI.
Appellant argues that the court erred in finding her in contempt for failing to provide appellee the name and telephone number of the parties' daughter's psychologist. We agree. Appellee testified that he did receive the name and telephone number of the psychologist from appellant on May 14, 1999, several days before the contempt hearing. As he had received the number, and the Shared Parenting Decree did not provide a date by which appellant was required to provide this information to appellee, the court erred in finding appellant in contempt on this basis. The sixth Assignment of Error is sustained.
 VII.
The court awarded appellee fees in the amount of $1,000. Appellee testified that he had incurred attorney fees in the amount of $600. In order to recover attorney fees, the movant has the burden of proving that the expenses were incurred, and that the expenditures were reasonable and necessary. Goode vs. Goode (1991), 70 Ohio App.3d 125, 134. In very limited circumstances, the trial court may use its own knowledge and experience in reviewing the record to determine the necessity and reasonableness of attorney fees. Id. However, in the instant case, the court awarded $400 more in fees than appellee testified he had incurred. The court abused its discretion in awarding excess attorney fees. The seventh Assignment of Error is sustained. The judgment of the Licking County Common Pleas Court, Domestic Relations Division, is affirmed as to the findings of contempt for violation of the Shared Parenting Decree regarding companionship, and failing to return household goods or returning them in damaged condition. The judgment is reversed as to the purge order concerning the visitation violation, the finding of contempt for the third mortgage obligation, the amount of the purge order regarding the damaged table and chairs, the finding of contempt regarding providing the name of the psychologist, and the award of attorney fees. This case is remanded to that court for further proceedings according to law, in accordance with this Opinion.
By: Reader, V.J. Wise, P.J. concur. Edwards, J. Dissents in part.