DECISION
Plaintiff-appellant, James E. Savage, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling appellant's objections to a magistrate's decision.
On August 5, 1999, appellant and defendant-appellee, Donna M. Savage, filed a petition for dissolution of marriage. The petition indicated that the parties were married on July 15, 1972, and that three children had been born as issue of the marriage. Attached to the petition was a separation agreement entered into between the parties. On September 8, 1999, the trial court entered a decree of dissolution, approving the separation agreement and incorporating it as part of the decree.
On November 4, 1999, appellant filed a motion for a finding of contempt against appellee. In the accompanying memorandum, appellant asserted that appellee had refused to execute and deliver to appellant the deed to certain real estate located at 1608 Clara Avenue, pursuant to the terms of the separation agreement. Appellant also sought an award of attorney fees.
On January 21, 2000, appellee filed a motion for contempt against appellant. Attached to the motion was the affidavit of appellee, in which she averred in part that appellant had failed to comply with prior orders regarding the parties' property division, including the payment to appellee of $317,281 arising out of the sale of appellee's share of stock in Maghie Savage, Inc. ("Maghie Savage"). Appellee also contended that appellant had failed to transfer one-half of his profit-sharing plan pursuant to the terms of the separation agreement.
The motions came for hearing on May 8, 2000, before a magistrate of the trial court. Regarding appellant's motion for contempt, the magistrate found that, at the time of the filing of the motion, appellee had failed to execute a quitclaim deed to the Clara Avenue property. The magistrate further noted, however, that the quitclaim deed was executed within one month of the filing, and thus the magistrate, while finding that the transfer was not within a reasonable amount of time, declined to find appellee in contempt. The magistrate also made a finding that appellee should pay the appellant attorney fees in the amount of $500, but that "this amount is set off against the attorney fees owed by the petitioner-husband for the motion below."
In addressing appellee's motion for contempt, the magistrate noted that, pursuant to the separation agreement, appellee was to receive one-half of the value of appellant's profit sharing plan as of July 7, 1999, and that appellee was to prepare and submit a "QDRO" in a form acceptable to appellant and the plan administrator. The magistrate further noted that, as of the date of the hearing, the QDRO had not been signed, but the magistrate found that this failure was not the sole fault of appellant.
The magistrate also addressed appellee's contention that appellant failed to pay appellee $317,281 within thirty days of receipt of appellee's transfer of her interest in the stock of Maghie Savage as required under the separation agreement. The magistrate made the following findings on this issue:
 * * * The transaction took over 90 days to complete. However, the transaction has occurred prior to this hearing. The petitioner-husband's defense is that he was unable to make the payment within the time limits due to the wife's failure to execute the quit claim deed discussed above. The Magistrate finds that no such condition precedent was set out in the parties' separation agreement and is not a defense. The petitioner-husband owes the petitioner-wife interest at the statutory rate on the sum of $317,281.00 for the sixty days excess time he had possession of that asset. Donna Savage is granted a judgment against James Savage in the amount of $5,288.02.
Finally, the magistrate found that appellee incurred attorney fees and costs in the amount of $2,000. The magistrate determined that, "[a]fter setting off the amount indicated in the petitioner-husband's motion above, * * * the petitioner-Husband shall pay the petitioner-wife $1500.00 for attorney fees."
Appellant filed objections to the magistrate's decision. By decision filed November 3, 2000, the trial court overruled appellant's objections. The decision of the trial court overruling appellant's objections and adopting the magistrate's decision was journalized by judgment entry filed on the same date.
On appeal, appellant sets forth the following three assignments of error for review:
 ASSIGNMENT OF ERROR NO. ONE THE TRIAL COURT COMMITTED ERROR WHEN IT AWARDED INTEREST TO THE PETITIONER APPELLEE ON FUNDS WHICH THE PETITIONER APPELLEE WAS TO RECEIVE UNDER THE TERMS OF THE SEPARATION AGREEMENT[.]
 ASSIGNMENT OF ERROR NO. TWO THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT AWARDED THE PETITIONER WIFE LEGAL FEES[.]
 ASSIGNMENT OF ERROR NO. [THREE] THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT DID NOT FIND THE PETITIONER APPELLEE GUILTY OF CONTEMPT FOR THE PETITIONER APPELLEE'S FAILURE TO TRANSFER THE DEED TO THE CLARA AVENUE PROPERTY[.]
Under his first assignment of error, appellant asserts that the trial court erred in awarding interest to appellee arising out of appellant's delay in paying appellee certain funds. More specifically, pursuant to paragraph 10(b) of the separation agreement, appellant was required to transfer to appellee "one half of all of the shares of stock" owned by appellant in Maghie Savage. The agreement further provided:
 c. The Petitioner Wife agrees that upon receipt from the Petitioner Husband of one half of the stock in Maghie and Savage that the Petitioner Wife will immediately sell and deliver to Maghie and Savage Inc., all of her interest in the stock transferred to her in Maghie and Savage Inc. The agreed upon purchase price for the sale of all the Petitioner Wife's stock in Maghie and Savage Inc., shall be $317,281.00. * * *
 d. Maghie and Savage Inc. shall upon within 30 days of the receipt of the Petitioner Wife's shares of stock in Maghie and Savage pay to the Petitioner Wife in the sum of $317,281.00 which is the agreed upon purchase price of the stock purchased from the Petitioner Wife.
In its decision, the trial court noted that, at the hearing on May 8, 2000, the parties stipulated that the stock certificate was prepared and signed by appellant on October 20, 1999, and that appellee signed the stock certificate on November 3, 1999. The court noted that the parties further stipulated that appellee was notified that the funds representing interest from the stock were available on February 8, 2000, and that appellee received $317,281 on February 11, 2000. Thus, the court found, appellee "did not receive the monies from the stock for more than two months after the thirty-day time limit." In adopting the magistrate's decision awarding interest to appellee, the trial court relied upon R.C.1343.03(A) and the decision in Rizzen v. Spaman (1995),106 Ohio App.3d 95.
R.C. 1343.03(A) states that:
 In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides that a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.
In Rizzen, supra, at 111, the court held in part that, under R.C.1343.03(A), "a party receiving a definite money judgment is entitled to interest at ten percent per year as a matter of law." The court further held that "[t]his right is equally applicable to obligations arising out of a divorce decree." Id.
Appellant contends that Rizzen is distinguishable from the facts of the instant case. Specifically, appellant argues that, while the court in Rizzen noted that the right to statutory interest is applicable to obligations arising out of a divorce decree, the court further stated that "[s]uch obligations, however, must be reduced to a lump sum judgment before interest can be awarded." Id. Appellant argues that under the facts of the instant case a lump sum judgment was never entered against appellant regarding the purchase price of the stock at issue.
We need not reach the issue whether the trial court erred in its reliance on Rizzen as we conclude, for different reasons, that the trial court erred in its award of interest. Initially, we note that the separation agreement itself does not provide for any particular consequences due to delay in payment of the funds. More significantly, the terms of the agreement provide that "Maghie and Savage Inc. shall upon within 30 days of the receipt of the Petitioner Wife's shares of stock in Maghie and Savage pay to the Petitioner Wife in the sum of $317,281.00." Thus, pursuant to the agreement, the responsibility to make the payment within thirty days was the obligation of the corporation, rather than of appellant individually. We note that neither party has included the corporation as part of this litigation and, under the circumstances, we conclude that the trial court erred in awarding interest for appellant's failure to pay the amount within thirty days.
Based upon the foregoing, appellant's first assignment of error is sustained.
Under his second assignment of error, appellant contends that the trial court abused its discretion in awarding appellee legal fees. Appellant's basic assertion is that the trial court failed to determine that appellant had the ability to pay attorney fees, and that the court also failed to determine that appellee needed such an award to litigate this case.
R.C. 3105.18(H) states as follows:
 In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees.
In general, a trial court has authority to grant reasonable attorney fees in a domestic relations action, and such an award is committed to the sound discretion of the trial court and will not be reversed absent a finding of abuse of discretion. Goode v. Goode (1991), 70 Ohio App.3d 125,134.
Upon review, we conclude that the record contains sufficient evidence to support the trial court's decision to award appellee fees in the amount of $2,000. In granting an award of fees to appellee, the trial court relied in part on this court's decision in Sateren v. Sateren (Apr. 20, 1995), Franklin App. No. 94APF10-1561, unreported. In Sateren, this court held that R.C. 3105.18(H) "permits a domestic relations court to award reasonable attorney's fees to a party who has had to file a contempt action in order to receive the benefits of a court order or decree, even if a belated compliance with the order has occurred prior to the hearing on the contempt action." Id. While appellant's brief gives recognition to the holding in Sateren, appellant asserts that the trial court failed to comply with the provisions of R.C. 3105.18(H). We disagree.
Appellant's contention that the trial court erred in failing to find that an award of fees was necessary to protect appellee's interests is unpersuasive. The Ohio Supreme Court has held that a showing of necessity is not a prerequisite to an award of attorney fees. Rand v. Rand (1985),18 Ohio St.3d 356, 359. Further, the record indicates that appellant earns approximately $80,000 per year, while appellee testified at the hearing that she was currently employed part-time as a babysitter. When questioned by appellee's counsel about whether he had the ability to pay an award of attorney fees, appellant did not testify that he was unable to pay, but merely responded that he was "not sure." (Tr. at 84.) Here, we conclude that there was evidence to support a finding that appellant had the ability to pay and that the amount awarded was reasonable. Accordingly, we find no abuse of discretion by the trial court in its award of fees.
Appellant's second assignment of error is without merit and is overruled.
Under his third assignment of error, appellant asserts that the trial court abused its discretion in failing to find appellee in contempt for failure to timely transfer the deed to the Clara Avenue property.
This court's standard of review in considering a trial court's decision in a contempt proceeding is abuse of discretion. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11. In general, "[t]he purpose of civil contempt is to impose sanctions in order to coerce the individual to comply with a court order that was previously violated." DePew v. Thomas (Apr. 7, 2000), Montgomery App. No. 18029, unreported.
The trial court, in overruling appellant's objection to the magistrate's finding of no contempt against appellee, concluded that, because the appellee conveyed the deed to the property prior to the hearing on the contempt motion, the magistrate could not have found appellee to be in contempt. We find no error by the trial court.
It has been noted that, in the context of a civil contempt action, "the one against whom the contempt order is sought may purge himself of contempt." Nagy v. Nagy (Oct. 11, 1989), Lorain App. No. 89CA004544, unreported. Further, this court has previously held that a trial court is without authority to find an individual in contempt if she purges herself prior to the entry of a finding of contempt. Griffin v. Griffin (Feb. 27, 1990), Franklin App. No. 89AP-912, unreported. See, also, Applegate v. Applegate (Sept. 21, 2000), Franklin App. No. 99AP-1321, unreported (because appellee delivered automobile to appellant prior to contempt hearing, "any contempt sanction by the court would have been a punitive rather than coercive order and not within the proper realm of civil contempt"); Merritt v. Merritt (May 12, 1992), Franklin App. No. 91AP-1372, unreported (because the defendant performed the action required prior to being found in contempt by the trial court, trial court erred in finding defendant in contempt).
In the present case, it is undisputed that appellee delivered to appellant the deed to the subject property prior to the contempt hearing. Thus, the trial court did not err in failing to find appellee in contempt. Appellant's third assignment of error is without merit and is overruled.
Based upon the foregoing, appellant's first assignment of error is sustained, appellant's second and third assignments of error are overruled, the judgment of the trial court is affirmed in part, reversed in part and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this decision.
 ____________________ DESHLER, J.
TYACK and PETREE, JJ., concur.