OPINION
{¶ 1} Defendant-appellant/cross-appellee Doris J. Decker ("appellant") appeals from a judgment of the Hancock County Court of Common Pleas terminating plaintiff-appellee/cross-appellant Ralph E. Decker's ("appellee") obligation to pay spousal support.
 {¶ 2} On February 12, 1988, the parties were granted a divorce by a consent judgment entry in which appellee was ordered to pay appellant alimony in the amount of $137.50 per week, plus poundage. Appellant was also ordered to pay the premiums for appellant's medical and hospitalization coverage through the appellee's employer for a period of three years from the granting of the divorce. The premium payments were construed as additional alimony which was deductible by the appellee and taxable to the appellant. The trial court stated that it "reserves continuing jurisdiction of all matters * * * relating to the separate maintenance and support of Defendant, Doris J. Decker."
 {¶ 3} Five years later, the trial court terminated appellee's obligation to pay spousal support. The court reserved jurisdiction over the issue of spousal support so long as the appellee remained gainfully employed.
 {¶ 4} On March 3, 1994, a hearing was conducted upon a motion by appellant seeking a modification of spousal support. The trial court issued a consent judgment entry dated March 16, 1994 whereby appellee was ordered to pay appellant spousal support in the amount of $100 per week. Appellee was also ordered to continue to be responsible for all medically related expenses incurred by or for the appellant as set forth in the original divorce decree. The court also ordered that the appellee was not responsible for the premiums on any health insurance which the appellant individually obtained without prior court order. Except as modified, all prior orders were to remain in effect, including the provision that the court retained jurisdiction over the matter of spousal support so long as the appellee remained gainfully employed.
 {¶ 5} On October 30, 1998, appellee retired from his position with Cooper Tire Rubber Company with a monthly pension of $1,210 per month. At that time, appellee moved the trial court for an order to modify the March 16, 1994 spousal support order and further requested an order modifying the provision regarding appellee's payment of appellant's medical expenses as set forth in that judgment. Upon appellee's motion, the trial court on February 1, 1999, filed a consent judgment entry modifying appellee's support obligation to $125 per week and terminating appellee's obligation to pay appellant's medical expenses.
 {¶ 6} On July 10, 2001, appellant moved the court for an order modifying the February 1, 1999 entry which terminated appellee's obligation to pay appellant's non-covered health care expenses. In the alternative, appellant requested a court order increasing appellee's spousal support obligation to an amount sufficient to cover appellant's medical expenses plus the additional income taxes generated by the increase in spousal support. The motion was based upon appellant's increasing medical costs and an allegation that appellee had or would soon be receiving an inheritance from his mother's estate, which appellant claimed would offset any reduction in his income due to appellee's retirement. In response, appellee filed a motion to dismiss for lack of subject matter jurisdiction. In the motion, appellee asserted that appellant's motion to modify the spousal support order should be dismissed since the trial court's jurisdiction to modify the prior spousal support orders had lapsed.
 {¶ 7} The matter was considered by the magistrate, who found appellant's motion well taken. The magistrate determined that appellant's July 10, 2001 motion should be dismissed; that the February 1, 1999 consent judgment entry should be vacated; and that the consent judgment entry of March 16, 1994, should become the current order. Upon review of the magistrate's decision, the trial court on October 30, 2002, found that the magistrate's findings of fact and conclusions of law were reasonable determinations from the record before the court and were not an abuse of discretion. Furthermore, the court decreed that appellee's spousal support obligation, pursuant to the order of March 16, 1994, was terminated as of the date of the judgment entry.
 {¶ 8} In its November 27, 2002 judgment entry, the trial court recognized that its previous order did not state the court's position with respect to the issue of appellant's non-covered healthcare expenses. Again the trial court adopted the May 6, 2002 magistrate's decision, and found appellee's obligation to pay spousal support had terminated effective October 30, 2002. But here, the trial court also determined that the matter of appellee's obligation to pay appellant's non-covered health care expenses was separate from his obligation to pay spousal support; therefore, the issue, first raised in appellant's July 10, 2001 motion, was referred back to the magistrate. Similarly, issues of underpayment or overpayment of spousal support by appellee to appellant were remanded to the magistrate for further consideration. Pursuant to Civ.R. 54(B), the trial court stated that there was no just reason for delay.
 {¶ 9} Appellant now appeals, and appellee now cross-appeals, each asserting one assignment of error for our review.
APPELLANT'S ASSIGNMENT OF ERROR
 The trial court committed an abuse of discretion and an error of law when it terminated the Appellee's spousal support obligation, since the trial court was divested of jurisdiction to modify or terminate the Appellee's spousal support obligation once the Appellee was no longer gainfully employed.
 APPELLEE'S CROSS-ASSIGNMENT OF ERROR
 The trial court errered [sic] in finding that Doris Decker could challenge the February 1, 1999 consent judgment entry by an untimely appeal after she had accepted spousal support payments pursuant to this order for over two years.
 {¶ 10} While these cross-appeals present issues which this Court at some point may have to decide, we decline to consider the matters before us at this time due to lack of jurisdiction. The question of our jurisdiction to hear this appeal was not raised or briefed by any party. Nevertheless, we raise it on our own motion.
 {¶ 11} Although Civ.R. 54(B) permits a trial court to enter final judgment as to one or more but fewer than all of the claims or parties by making the express determination that there is "no just reason for delay," the mere fact that a court makes a Civ.R. 54(B) determination does not turn an otherwise non-final order into a final appealable order.[1] The judgment entry in this case on its face plainly indicated that it was not final since all of the issues presented in appellant's July 10, 2001 motion were not fully resolved in the November 27, 2002 judgment entry and remain subject to further proceedings.
 {¶ 12} Here, the trial court terminated appellee's monthly spousal support obligation which, alone, would have settled the matter for purposes of appeal. However, the trial court also determined that the matter of appellee's duty to pay appellant's non-covered healthcare expenses, as raised in the appellant's July 10, 2001 motion, was a separate obligation to be decided on remand by the magistrate. Additionally, the trial court remanded to the magistrate issues of underpayment or overpayment of spousal support for the magistrate's further consideration.
 {¶ 13} Appellee's duty to pay spousal support and to pay appellant's non-covered healthcare expenses fall under the same umbrella. As stated by the trial court in the divorce decree: "Premium payments paid by the [appellee] shall be construed as additional alimony which shall be deductible by the [appellee] and taxable to the [appellant]." Other Ohio courts have similarly determined that the award of healthcare expenses is properly categorized as spousal support.[2]
 {¶ 14} Because the order appealed from has not resolved all matters surrounding the issue of spousal support, an immediate appeal would invite potential piecemeal appeals of this case. The facts simply do not suggest that an immediate appeal would lead to judicial economy. Accordingly, appellant's appeal and appellee's cross-appeal are sua sponte dismissed, and the matter is remanded to the Hancock County Court of Common Pleas for further proceedings consistent with this opinion.
Appeal and cross-appeal dismissed and cause remanded.
 SHAW and WALTERS, JJ., concur.
[1] Yontz v. Griffin (Oct. 27, 1997), Hardin App. No. 6-97-17; Noblev. Colwell (1989), 44 Ohio St.3d 92, 96; se, also, R.C. 2505.02.
[2] See Robinson v. Robinson (Oct. 4, 1999), Belmont App. No. 99-BA-2;Goode v. Goode (1991), 70 Ohio App.3d 125; Pearson v. Pearson (1997), Franklin App. No. 96APF08-1100; and Stone v. Stone (1988), Lawrence App. No. 1872.