OPINION
Defendant-appellant, David B. Marquard, appeals from an October 26, 2000 decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling his objections as well as those of plaintiff-appellee, Martha K. Marquard (nka "Petty"), to the magistrate's decision of August 1, 2000.
The parties were married on November 22, 1986. The parties' minor child, Brianna Marquard, was born on July 20, 1986. Their marriage was terminated by a decree of divorce, filed November 20, 1995, but effective October 3, 1995. Under the terms of the decree, appellee was named as residential parent and legal custodian of the minor child. Appellant was ordered to pay child support in the amount of $424.55 per month plus poundage (now processing charge), based on an annual gross income amount of $28,000 for appellant and $12,000 for appellee.
On January 11, 2000, appellant filed a motion to modify child support and, on February 22, 2000, appellant filed a supplemental motion to award the dependency exemption to him. Appellee filed a motion to modify child support and for attorney fees on March 7, 2000. The magistrate held a hearing on these motions on July 12, 2000. In a magistrate's decision approved and adopted by the trial court on August 1, 2000, the magistrate overruled appellant's motion to modify child support, granted appellant's motion to allocate the dependency exemption to him, granted appellee's motion to modify child support, increasing appellant's child support obligation to $732.50 per month plus processing charge, and awarded appellee $1,000 in attorney fees. Although both parties filed timely objections to the magistrate's decision, the trial court overruled the objections in a decision filed October 26, 2000. Appellant filed a timely notice of appeal and appellee filed a timely cross-appeal; however, appellee subsequently voluntarily dismissed her cross-appeal.
On appeal, appellant asserts one assignment of error:
 The trial court erred in overruling Defendant's Objections to the Report of the Magistrate.
In appellant's single assignment of error, he argues that the trial court erred by overruling his objections to the magistrate's decision. Specifically, he asserts that the trial court should have sustained his objections because the magistrate erred by not averaging his income, by finding that he was not current in his child support payments for 1999, and by awarding appellee attorney fees. We disagree.
In reviewing a trial court's decision in a domestic relations matter, an appellate court generally applies an abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. A trial court has considerable discretion in matters of calculating child support and, absent an abuse of discretion, a child support order will not be disturbed on appeal. Dunbar v. Dunbar (1994), 68 Ohio St.3d 369, 371. An abuse of discretion is more than an error of law or judgment but, rather, entails an action of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
R.C. 3113.215(B)(5)(h) states that, "[w]hen the court or agency calculates gross income, the court or agency, when appropriate, may average income over a reasonable period of years." Ohio courts have held that it is appropriate to average an obligor's income for the purpose of calculating the obligor's child support obligation where the obligor's income is unpredictable or inconsistent. See, e.g., Ferrero v. Ferrero (June 8, 1999), Stark App. No. 98-CA-00095, unreported; Towne v. Towne (Nov. 27, 1996), Summit App. No. 17772, unreported; Cook v. Cook (Feb. 9, 1996), Lake App. No. 95-L-115, unreported. These courts have also held that the decision to employ income averaging under R.C.3113.215(B)(5)(h) is within the sound discretion of the trial court. Ferrero; Towne; Cook.
Here, the magistrate found that it was not appropriate to average appellant's income over any period of years. The magistrate noted that appellant's income, while variable, increased significantly from the time of the decree, but that his child support obligation had never been modified. Thus, appellant reaped the benefit of paying lower child support for several years, according to the magistrate. Consequently, the magistrate based appellant's child support obligation on his 1999 total income of $80,151, per his 1999 federal income tax return. Additionally, the magistrate noted that, based on at least one prior motion for child support modification which appellant voluntarily withdrew, appellant was fully aware of his ability to file for a modification in the event that his income decreased dramatically.
Our review of the record fully supports the magistrate's factual findings. Appellant's child support obligation was based on an annual income of $28,000, yet his actual income was substantially more for three of the last four years, with his income exceeding $80,000 in 1999. Since his child support obligation was never modified, appellant effectively received a windfall during this time. As the magistrate noted, to average appellant's income now would further dilute his child support obligation and perpetuate this inequity to the detriment of the minor child. Moreover, appellant is not precluded from filing a motion to modify his child support obligation if his income declines significantly in the future. Based upon the magistrate's findings, we cannot conclude that the trial court's decision was unreasonable, arbitrary or unconscionable. Thus, we find no abuse of discretion.
Appellant also argues that the magistrate erred by finding that he was not current in his child support obligation at the end of 1999; however, our review of the record supports the trial court's finding. A notice of default was issued to appellant by the Franklin County Child Support Enforcement Agency ("FCCSEA") in May 1997, finding an arrearage of $2,137.73 and indicating that a liquidation order of $86.61 would be added to his monthly child support withholding of $433.04. Apparently, appellant did not request a hearing, so the liquidation order was issued. The FCCSEA account detail history filed by appellant at the hearing before the magistrate reflects that the liquidation order amount was withheld from appellant's pay beginning in June 1997, and continued through May 2000. There were months during this period of time when no payments were made and when payments less than the order amount were made. At the hearing, an FCCSEA account summary was introduced indicating that appellant still had a small arrearage, and appellant acknowledged this arrearage in his testimony. Thus, there is evidence in the record supporting the magistrate's finding.
Finally, appellant asserts that the magistrate erred by awarding appellee attorney fees. In a domestic relations action, an award of attorney fees is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Goode v. Goode (1991), 70 Ohio App.3d 125, 134. Under R.C. 3113.219(B), a court modifying a child support order may include an award of attorney fees. Attorney fees for the child support modification may also be awarded under R.C. 3105.18(H), which provides that a trial court may award reasonable attorney fees at any stage of divorce proceedings including proceedings to modify prior orders when it determines that "either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
Here, appellee requested attorney fees for having to defend appellant's motion and for bringing her own motion to modify child support. She testified that she had incurred $1,000 in attorney fees as of the hearing date. The magistrate awarded appellee $1,000, finding that she had successfully prosecuted her motion and was forced to defend against appellant's motion, and that she should not have to spend her resources to obtain the appropriate level of child support for the minor child. Although appellee did not submit an exhibit detailing the attorney fees incurred, this court has held that a trial court may award attorney fees in a domestic relations case in the absence of supporting evidence when the amount of work and time spent on the case is apparent. Wilder v. Wilder (Sept. 7, 1995), Franklin App. No. 94APE12-1810, unreported. Moreover, appellant does not argue that the amount of attorney fees awarded was unreasonable. Given the disparity between appellant's and appellee's incomes, we find no abuse of discretion.
Based upon the foregoing reasons, we conclude that the trial court did not err by overruling appellant's objections to the magistrate's decision. Consequently, appellant's single assignment of error is overruled, and the judgment of the trial court is affirmed.
 ___________________ KENNEDY, J.
BOWMAN and LAZARUS, JJ., concur.