OPINION
Plaintiff-appellant, Thomas Chapman, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, overruling his objections to the magistrate's decision.
Appellant filed a complaint on September 3, 1998, to establish the father-child relationship between himself and Christopher M. Adkins, born March 22, 1987. Defendant-appellee, Lisa C. Adkins, filed an answer and counterclaim on November 4, 1998, seeking an ongoing award of child support as well as establishing a child support arrearage dating from Christopher's birth and recovering the reasonable expenses of her pregnancy. In an agreed judgment entry filed January 11, 1999, the parties established the father-child relationship between appellant and Christopher, and awarded appellee temporary child support from appellant in the amount of $266 per month, plus the pro-cessing charge. Additionally, the parties indicated that they wished "to minimize a large unpaid retroactive child support arrearage for the minor child," and they agreed that there would be some arrearage owed to appellee for the time between Christopher's birth and the final order.
After numerous continuances of the final hearing, the trial court granted appellant's former counsel's motion to withdraw on September 16, 1999. The final hearing was then set for November 10, 1999, and notice of this hearing was sent to appellant; however, appellant did not appear at the hearing. On January 25, 2000, the magistrate's decision was filed and adopted by the trial court. In the decision, the magistrate found a child support arrearage in the amount of $32,283.06 and reduced this amount to a judgment, awarded appellee child support in the amount of $302.80 per month inclusive of the processing charge, and awarded appellee attorney fees in the amount of $1,250.
On February 7, 2000, appellant's new counsel filed a notice of appearance, objections to the magistrate's decision, and a motion for leave to file more specific objections after the preparation of the transcript. Subsequently, the trial court judge recused herself from the case, and the case was reassigned to another judge. Appellant filed supplemental objections on October 13, 2000, and appellee filed a memorandum contra on October 23, 2000. The trial court held a hearing on appellant's objections on November 1, 2000, and, on November 21, 2000, issued a decision overruling appellant's objections. Appellant filed a timely notice of appeal.
On appeal, appellant asserts three assignments of error:
 I. The Trial Court erred when it based its findings for Appellant's income on vague and speculative testimony by the Appellee.
 II. The Trial Court erred when it awarded attorney fees to Appellee without breaking down the fees for support payments and fees for the paternity action.
 III. Trial Court erred when it upheld Magistrate's unfiled Decision.
Appellant and appellee became acquainted in 1985, while appellee was working for Dr. Rosenthal as a dental assistant and while appellant worked as a lab technician making crowns and bridges for Dr. Rosenthal. Christopher M. Adkins was born on March 22, 1987, and appellant's paternity has been established through genetic testing. Appellant moved to Florida after Christopher's birth, and worked in construction removing asbestos. According to appellee, appellant never provided financial support for Christopher prior to the issuance of the temporary orders. However, the parties lived together from 1994 until October 1997, and appellant paid the rent during part of this period. Appellant is self-employed in the construction industry and also competes as a professional water-skier. Appellee was unemployed temporarily in 1998, due to illness, but she now works part-time.
In appellant's first assignment of error, he argues that the trial court erred by overruling his objections because the magistrate's decision was based on speculative evidence. We disagree.
In reviewing a trial court's decision in a domestic relations matter, an appellate court generally applies an abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. A trial court has considerable discretion in matters of calculating child support and, absent an abuse of discretion, a child support order will not be disturbed on appeal. Dunbar v. Dunbar (1994), 68 Ohio St.3d 369, 371. An abuse of discretion is more than an error of law or judgment but, rather, entails an action of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Appellant argues that the magistrate based the child support award and the child support arrearage calculation on speculative evidence. However, appellant obstructed appellee's ability to obtain precise information on his income to serve as the basis of a child support award and arrearage calculations. Appellant conceded in his brief that he was aware of the hearing before the magistrate but chose not to appear. Additionally, appellant failed to comply with appellee's discovery requests and failed to appear for two scheduled depositions. Thus, at the hearing, appellee's counsel was faced with the Herculean task of divining appellant's income from the limited evidence available.
The approach offered by appellee's counsel and apparently adopted by the magistrate was to extrapolate appellant's income for prior years based on his 1997 income and federal minimum wage figures. Appellant reported in an affidavit that his 1997 income was $16,705, which is 1.64 times the minimum wage for that year. Appellee's counsel then multiplied the minimum wage figures for prior years by 1.64 to establish income amounts which were then used to calculate appellant's child support obligation for the prior years according to the child support guidelines. The total amount of the child support arrearage ($32,283.06) was the sum of appellant's child support obligation from the time of Christopher's birth until the hearing date. The magistrate also based the final child support award of $302.80 inclusive of the processing charge on this formula.
Appellee's counsel described the arrearage amount as a minimum child support arrearage. Appellee testified, based upon her personal knowledge of the work appellant performed for Dr. Rosenthal, and a federal 1099 form she saw while they were living together, that appellant's actual income was much higher than the extrapolated amount. Appellee's counsel also presented extensive evidence, including the testimony of appellee, documenting the expenses appellee incurred for Christopher's support over the years. At the conclusion of the hearing, the magistrate commended appellee's counsel for the amount of work performed and the thoroughness of the case he presented.
Upon a review of the record, we cannot conclude that the trial court abused its discretion by overruling appellant's objections and adopting the magistrate's decision regarding the child support award and the child support arrearage calculation. Appellee's counsel and the magistrate utilized a reasonable method of calculating appellant's child support obligation over the years based upon the federal minimum wage and evidence in the record suggesting that he earned well over the minimum wage. This approach was reasonable given that appellant refused to cooperate in providing any information about his income. Even if appellant had not worked at all during this period, income would have been imputed to him to serve as a basis of a child support award. See, e.g., Rock v. Cabral (1993), 67 Ohio St.3d 108 (holding that a trial court may impute potential income to a parent who is voluntarily underemployed for the purpose of calculating a child support obligation). Moreover, appellant was aware that a child support arrearage would be established based upon the January 11, 1999 agreed judgment entry. If appellant believed that the amount of the arrearage found by the magistrate was not accurate, then he could have requested that the trial court consider additional evidence regarding his income in ruling on his objections under Civ.R. 53(E)(4)(b).
Consequently, we find no abuse of discretion, and appellant's first assignment of error is overruled.
In appellant's second assignment of error, he argues that the trial court erred by overruling his objections in that the magistrate awarded attorney fees without delineating the portion of attorney fees incurred that were related to establishing a child support award, without proof of reasonableness, and without qualifying appellant's counsel as an expert. We disagree.
In a domestic relations action, an award of attorney fees is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Goode v. Goode (1991), 70 Ohio App.3d 125,134. Under R.C. 3113.219(B), a court issuing a child support order may include an award of attorney fees.
Appellant argues that the trial court failed to delineate between attorney fees for the paternity action and attorney fees for establishing the child support award and arrearage. However, the transcript reveals that the award of attorney fees was for the child support action only and that almost all of the hearing was devoted to that issue.
With regard to the reasonableness of the award, appellee's counsel testified as to his hourly rate and that of his associate, to the amount of hours expended, and that the fees were reasonable and necessary. As noted above, the magistrate commended appellee's counsel for the extensive work done on the case; however, the magistrate only awarded fees for appellee's counsel (and not his associate) for that day. While appellee's counsel may not have indicated that his hourly rate was customary in the community, the magistrate has the ability to evaluate the credibility of the testimony and make an award of reasonable attorney fees in her discretion.
Finally, contrary to appellant's argument, there was no reason to qualify appellant's counsel as an expert for him to testify as to the work he personally performed on the case to serve as the basis of an award of attorney fees.
Consequently, we find no abuse of discretion, and appellant's second assignment of error is overruled.
In appellant's third assignment of error, he argues that the trial court erred by adopting the magistrate's decision because it had not been filed at the time. We disagree.
Appellant's counsel appears to argue that the trial court's decision overruling his objections was defective in some way because the magistrate's decision was never filed. However, there is no support in the record for appellant's assertion. The magistrate's decision was signed and dated by the magistrate on December 20, 1999, and it was filed and adopted by the trial court on January 25, 2000. Nothing in Civ.R. 53 prohibits the magistrate's decision from being filed and adopted on the same date.
Moreover, Civ.R. 53(E)(4)(c) specifically allows the trial court to adopt a magistrate's decision immediately without waiting for objections to be filed. The time for filing objections does not begin to run until the magistrate's decision is filed under Civ.R. 53(E)(3)(a), and appellant filed his objections within the fourteen-day time limit. Thus, appellant was not prejudiced in any way by any delay in the filing of the magistrate's decision.
The filing of objections operated as an automatic stay of the execution of the magistrate's decision under Civ.R. 53(E)(4)(c), and the trial court had the opportunity to review the magistrate's decision along with appellant's objections and a memorandum contra from appellee before ruling on appellant's objections. Therefore, the record does not reveal any procedural irregularities. Moreover, any procedural defects are waived because appellant raised this issue for the first time on appeal. State ex rel. Quarto Mining Co. v. Foreman (1997), 79 Ohio St.3d 78, 81. Consequently, appellant's third assignment of error is overruled.
Based upon the foregoing reasons, appellant's three assignments of error are overruled and the decision of the trial court is affirmed.
BOWMAN and LAZARUS, JJ., concur.