[Cite as *Boyden v. Boyden*, 2012-Ohio-1930.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOEL M. BOYDEN | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 11CAF110109 |
| SHERYL MARIE BOYDEN | |
|     Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Delaware County Court of
Common Pleas, Domestic Realtions
Division, Case No. 07 DR A 08 0355

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    April 18, 2012

APPEARANCES:

For Plaintiff-Appellant    For Defendant-Appellee

JOEL R. CAMPBELL    LEEANN MASSUCCI
Strip, Hoppers, Leithart, McGrath    KENNETH R. KLINE
& Terlecky Co., LPA    Massucci & Kline LLC
575 South Third Street    250 Civil Center Drive, Ste. 630
Columbus, Ohio 43215    Columbus, Ohio 43215

*Hoffman, J.*

{¶1}   Plaintiff-appellant Joel M. Boyden ("Husband") appeals the October 26, 2011 Judgment Entry entered by the Delaware County Court of Common Pleas, which sustained in part and overruled in part the objections to the magistrate's June 7, 2010 decision filed by Defendant-appellee Sheryl Marie Boyden ("Wife").

## STATEMENT OF THE FACTS AND CASE

{¶2}   Husband and Wife were married on March 14, 2005.  One child was born as issue of said union, to wit: A.M.B. (dob 9/13/05).  Husband filed a Complaint for Divorce on August 8, 2007.  Wife filed an Answer and Counterclaim on September 6, 2007.  Wife moved out of the marital residence on October 7, 2007.

{¶3}   The trial court issued temporary orders which required Husband to pay Wife's monthly car payments due on a Discover credit card as well as the minor child's monthly preschool costs. The matter came on for trial before the magistrate on October 14, 2008.

{¶4}   Via Decision filed June 7, 2010, the magistrate ordered the parties be granted a divorce.  The magistrate found the parties had reached an agreement settling "all financial and property issues" pursuant to which Husband would pay Wife "$65,000 as satisfaction of an equitable distribution of marital assets and debts." Magistrate's June 7, 2010 Decision at para. 25.   The magistrate also found, prior to the marriage, Wife owned real property located at 396 Shandon Court, Powell, Ohio, which became rental property after the marriage.   Sometime in April or May, 2008, the parties discovered the exiting tenants had "trashed" the residence.  Husband assisted in the cleaning which included trash removal, carpet removal, drywall repair, and painting as

well as other general repairs. On May 30, 2008, Husband gave Wife $2000 to use toward the mortgage and/or utilities. Husband had never paid Wife any other funds for the property.

**{¶5}** The magistrate awarded Husband two of the three parcels of real property owned by the parties and awarded the Wife the 396 Shandon Court property. After dividing the parties' assets and debt, the magistrate ordered Husband pay Wife "the sum of $65,000.00 to complete the equitable distribution of tangible and intangible property." The magistrate did not make an award of spousal support to either party, but ordered Husband to pay child support in the amount of $1,347.28/month plus processing fees. The magistrate issued a shared parenting plan. The magistrate further ordered Husband to pay Wife's attorney fees.

**{¶6}** Husband filed objections to the magistrate's decision relative to the award of attorney fees; the cash property award rather than the QDRO to which the parties had agreed; his continued payment of Wife's automobile debt; and the shared parenting plan. Wife filed a memorandum contra. The parties worked with the guardian ad litem and resolved the shared parenting plan issues. An Agreed Shared Parenting Order was filed February 4, 2011.

**{¶7}** Via Judgment Entry filed October 26, 2011, the trial court sustained in part and overruled in part Husband's objections to the magistrate's decision. The trial court also granted the parties a divorce and issued orders generally consistent with the magistrate's decision.

**{¶8}** It is from this judgment entry Husband appeals, raising the following assignments of error:

**{¶9}** "I. IT IS AN ABUSE OF DISCRETION AND ERROR FOR THE TRIAL COURT TO IGNORE THE FINANCIAL SETTLEMENT OF THE PARTIES WITH AN ORDER OF THE CONTINUATION OF DEBT PAYMENTS BY PLAINTIFF-APPELLANT AFTER THE EFFECTIVE DATE OF THE DECREE OF DIVORCE.

**{¶10}** "II. IT IS AN ABUSE OF DISCRETION AND ERROR FOR THE TRIAL COURT TO IGNORE THE FINANCIAL SETTLEMENT OF THE PARTIES WITH AN AWARD OF ATTORNEY FEES TO DEFENDANT-APPELLEE."

I

**{¶11}** In his first assignment of error, Husband contends the trial court abused its discretion and erred in ordering him to continue to pay Wife's debt after the effective date of the divorce decree thereby ignoring the parties' settlement agreement.

**{¶12}** Our standard of reviewing decisions of a domestic relations court is generally the abuse of discretion standard. *Booth v. Booth* (1989), 44 Ohio St.3d 142. The term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable. *Id.* at 219. When applying the abuse of discretion standard, this Court may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Board,* (1993), 66 Ohio St.3d 619, 621.

**{¶13}** The parties spend a good portion of their respective briefs arguing the scope of the settlement agreement. Husband posits the $65,000 lump sum payment included Wife's attorney fees as well as Wife's car payments; therefore, the trial court should have credited him with the monies he paid after the effective date of the decree, to wit: October 14, 2008. Wife, on the other hand, submits the agreement was informal and was intended only as a partial settlement of some of the parties' financial issues.

However, in a letter dated May 20, 2008, written in response to a May 19, 2008 correspondence from Husband's counsel, Attorney Massucci, counsel for Wife, indicated Wife was in agreement with Husband paying her "$65,000.00 in satisfaction of all financial and property issues" except for pending child and spousal support issues.

**{¶14}** A determination of whether the parties' agreement was a complete or partial settlement of the financial issues is not dispositive of the issue sub judice. Husband testified, under the parties' agreement, Wife would take responsibility for her car payments once he paid her the lump sum amount of $65,000. Wife similarly testified she presumed Husband would not be responsible for the car payments following the end of the divorce. As of the filing of the October 26, 2011 Judgment Entry, over three years after the parties reached the agreement, Husband still had not paid Wife any of the settlement monies. By failing to pay the agreed settlement amount, Husband became the architect of his own demise. Husband could have, at any time, paid Wife the $65,000.00 and ended his obligation to pay Wife's car debt.

**{¶15}** Husband's first assignment of error is overruled.

II

**{¶16}** In his second assignment of error, Husband contends the trial court abused its discretion and erred in awarding attorney fees to Wife thereby ignoring the parties' settlement agreement.

**{¶17}** "An award of attorney fees in a domestic relations action is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." *McEnery v. McEnery,* 10th Dist. No. 00AP–69, 2000 WL 1863370 (Dec. 21, 2000) at *3, citing *Goode v. Goode,* 70 Ohio App.3d 125, 134 (10thDist.1991).

{¶18} Initially, we must determine whether Husband preserved this error. It is axiomatic a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 220, 574 N.E.2d 457, overruled on other grounds in *Collins v. Sotka* (1998), 81 Ohio St.3d 506, 692 N.E.2d 581

{¶19} A review of the record reveals Husband failed to object to Wife's testimony relative to her attorney fees as well as the trial court's admission of exhibits reflecting such fees.

{¶20} Assuming, arguendo, Husband properly preserved this error for our review, we find the trial court did not abuse its discretion in awarding attorney fees of $22,500.00 to Wife. Wife presented evidence she incurred over $26,000.00 in attorney fees. Wife testified she charged $5,000.00 on one of Husband's credit cards to pay attorney fees. While Wife acknowledged she was obligated to repay Husband the $5000.00, and such was contemplated during the settlement discussions and, ultimately, in the amount of money she received, there was no other testimony establishing the settlement included, contemplated or considered Wife's additional attorney fees. As such we find the trial court did not abuse its discretion to awarding them to Wife.

{¶21} Husband's second assignment of error is overruled.

**{¶22}** The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Farmer, J. concur

s/ William B. Hoffman

HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin

HON. W. SCOTT GWIN


s/ Sheila G. Farmer

HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JOEL M. BOYDEN                          :
                                        :
    Plaintiff-Appellant                 :
                                        :
-vs-                                    :                JUDGMENT ENTRY
                                        :
SHERYL MARIE BOYDEN                     :
                                        :
    Defendant-Appellee                  :                Case No. 11CAF110109


For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin
HON. W. SCOTT GWIN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER